FILED

FEB 2 4 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DONALD S. HUNTER, SR.
2345 Barkley Place
Forestville, MD 20747
301 967-0101 (h)
Plaintiff,

v.

CONDOLEEZZA RICE, Secretary
United States Department of State
2201 C Street, N.W.
Washington, D.C. 20520

Defendant.

CASE NUMBER 1:06CV00326

JUDGE: Paul L. Friedman

DECK TYPE: Employment Discrimination

DATE STAMP: 02/24/2006

JURY ACTION

## PLAINTIFF REQUEST FOR JURY TRIAL

1. This is an action by Plaintiff Donald S. Hunter, Sr. ("Mr. Hunter," "Plaintiff") to redress actions taken individually and collectively by Defendant, the U.S. Department of State ("DOS", "Bureau of Educational and Cultural Affairs", "ECA" "301 4th Street S.W., Washington DC 20547") based on age discrimination pursuant to Title VII of the Civil Rights Act of 1964, 42 USC §2000e-5 and the Age Discrimination in Employment Act ("ADEA").

2. This action arises under Title VII of the Civil Rights Act of 1964, 42 USC §2000e-5, and the Age Discrimination in Employment Act, which prohibits discrimination, based on race, age, national origin and/or retaliation for protected activity.

1

3. On August 25, 2005, Plaintiff filled an EEO complaint (age discrimination) with the Defendant's Office of Civil Rights.

4. On June 24, 2002, Mr. Ben Castro, ECA former Deputy Executive Director in consultation with Ms. Fannie Allen, Chief of the Grants Division and the Human Resource office, issued a memo to Plaintiff, in response to Plaintiff 2002 request for a promotion. The June 24, 2002 memo clearly states **"There are currently four GS-13 positions in the Grants Division. All of these positions are currently filled. There are no GS-13 vacancies available at this time in your immediate organization. If a GS-13 position became available we would be happy to consider you for the position. "**

5. On January 2, 2004, Ms. Joyce Love a GS-13 Grants Specialist retired from ECA, Grants Division creating a vacant GS-13 position.

6. In May 2005, Ms. Phyllis Swann a GS-13 Grants Specialist in ECA, Grants Division received a promotion in another bureau, creating a vacant GS-13 position.

7. On February 17, 2004, Plaintiff submitted an application for Ms. Love's vacant GS-13 Grants Specialist position in the Grants Division to ECA's Management and Human Resource Office for consideration as a direct hire under 5 CFR 330.101 and 335.103 (c) (3).

8. In March 2004, ECA downgraded Ms. Love vacant GS-13 Grants Specialist position to GS-11/12 position.

9. In April 2004, Ms. Allen selected Ms. Julie Johnson who age is under 40 for Ms. Love's vacant position.

10. In August 2005, Ms. Allen selected Ms. Kenyetta Gunther who age is under 40 for Ms. Swann's vacant position.

11. Since June 2002, Ms. Allen has hired four additional employees all under the age 40.

12. Ms. Allen omitted during her deposition in Plaintiff civil case No. 04-857(PLF) she downgraded vacant positions to hire young employees.

13. In February 2006, Plaintiff was denied an opportunity to compete for the newly created Supervisory Budget Analyst GS-0560-14 position located in the Budget Division of ECA due to Defendant deliberate attempts to not promote Plaintiff when a vacant GS-13 Grants Specialist became available in January 2004 and April 2005.

14. Plaintiff is a US citizen and resident of Forestville, Maryland, and is a 47-year-old African American male. At the time of the events giving rise to this case, and at all times relevant, Plaintiff was and employed by the U.S. Department of State.

15. Upon information and belief, Defendant, the U.S. Department of State is a federal agency and main headquarter is located in Washington DC.

16. At all times relevant to this case, Defendant, U.S. Department of Sate has been an employer and has engaged in an industry affecting commerce, has employed fifteen or more employees, and otherwise has been an employer, within the meaning of 42 U.S.C. Sec 2000(b).

17. Plaintiff is employed as a GS-12 Grants Specialist, with the U.S. Department of State, Bureau of Educational and Cultural Affairs.

18. Plaintiff was born on May 18, 1958 and was, at all relevant times herein mentioned, a male over age forty (40).

19. Plaintiff was born in United State.

20. Plaintiff was well qualified for the vacant GS-13 Grants Specialist positions that became available in January 2004 and April 2005.

21. The positions ware open to all Department of State employees.

22. As a direct result of Defendant's actions and omissions, Plaintiff suffered monetary damages.

23. Defendants' actions and omissions constitute gross, wanton, reckless, and/or intentional violations of Plaintiff's rights under the Title VII of the Civil Rights Act of 1964, 42 USC §2000e-5.

### Discrimination on the Basis of Age

Plaintiff is and at all times hereto was over the age of 40. That all of the aforementioned events constituted intolerable work conditions. Defendant downgraded the vacant GS-13 Grants Specialist positions because of Plaintiff age over (40). The selectee's for the vacant positions was upon information and belief either under the age of 40 or substantially younger than Plaintiff. That all of the aforementioned events constituted deliberate attempts to not promote Plaintiff based on his age. That these aforementioned actions were made with the authority or approval of the employer. Defendants' actions in not promoting Plaintiff because of his age, constitutes discrimination in violation of Title VII of

4

the Civil Rights Act of 1964, 42 USC §2000e-5 and the Age Discrimination in Employment Act. Defendants' actions and omissions constitute gross, wanton, reckless, and/or intentional violations of Plaintiff's rights under the Title VII of the Civil Rights Act of 1964, 42 USC §2000e-5 and the ADEA.

**WHEREFORE, PLAINTIFF PRAYS** that he be awarded the following relief:

a) An injunction enjoining Defendants, jointly and severally, from engaging in such conduct in the future;

b) An order directing Defendants, jointly and severally to retroactively promote Plaintiff to the GS-13/2 level effective February 17, 2004, with backpay, interest, TSP contributions and all other emoluments, and to the GS-14/1 level effective February 15, 2006, with backpay, interest, TSP contributions and all other emoluments;

c) An order directing Defendants, jointly and severally, to pay an award of statutory compensatory (pecuniary and non-pecuniary) up to the maximum amount permitted by statute and punitive damages in an amount to be determined;

d) An order directing Defendants, jointly and severally, to pay reasonable attorneys fees, court fees and costs of this litigation; and

e) Such other and further relief as the Court may deem just.

**Request for Jury Trial**

Plaintiff requests a trial by jury on all matters properly tried to a jury.

Respectfully Submitted,

Donald S. Hunter, Sr.
2345 Barkley Place
Forestville, MD 20747
301 967-0101



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Office of Federal Operations
P. O. Box 19848
Washington, D.C. 20036

Berry Wells, Assistant Secretary
Office of EEO and Civil Rights
Department of State
Harry S. Truman Building
2201 C. Street, N.W., Room 7428
Washington, DC 20520

FEB 0 3 2006

Dear Mr. Wells:

On January 11, 2006, the Equal Employment Opportunity Commission (EEOC) received Mr. Donald S. Hunter, Sr.'s notice of intent to file a civil action against the Department of State, under Section 15(d) of the Age Discrimination in Employment Act (ADEA) of 1967, as amended, 29 U.S.C Section 633a.[1]

Upon receiving a notice of intent to sue, the ADEA requires that the Commission promptly notify all persons named in the notice as prospective defendants in the action and take any appropriate action to ensure the elimination of any unlawful practice. If the enclosed notice specifically names officials of your agency as prospective defendants in the civil action, you are requested to notify them promptly that they are prospective defendants and provide them with a copy of the enclosed notice of intent to sue.

The Equal Employment Opportunity Commission Directive (EEO-MD-110), Chapter 4, Section IV, requires that upon receipt of a notice of intent to sue, an agency must review the allegation(s) of age discrimination and conduct an inquiry sufficient to determine whether there is evidence that unlawful age discrimination has occurred. The method of the inquiry is a matter for determination by the particular agency and may vary depending on the scope and complexity of the allegation(s). Agencies are encouraged to make good faith efforts to resolve the matter and must implement the appropriate make-whole relief under 29 C.F.R. Part 1614, Subpart E, where unlawful age discrimination is found.

In order to resolve age discrimination claims informally and preclude the necessity for litigation, the EEOC expects that the agency's inquiries under EEO-MD-110 will be conducted promptly. Prompt inquiries are also necessary so that a claimant's right to seek redress is not jeopardized because a limitations period for filing a civil action has expired. Agencies should implement case tracking systems to ensure the prompt processing of these matters. Agency's inquiries based on a notice of intent to sue should begin immediately and be completed promptly.

---

[1] When a federal age discrimination claimant has not filed an administrative age discrimination complaint, she/he may bypass the administrative complaint process in 29 C.F.R. Part 1614 by filing a notice of intent to sue with the Commission. The notice must be filed within one hundred and eighty days after the alleged unlawful practice occurred.

2

You are requested to complete the agency's inquiry within 30 days. Please inform the claimant of your agency's disposition of this matter and furnish a copy to me.

By copy of this letter, we are informing the claimant that s/he may file a civil action under the ADEA at any time after thirty days from the date s/he filed this notice of intent to sue with EEOC regardless of whether your agency has conducted any inquiry into his/her allegations. However, the claimant is advised that s/he may want to promptly file such an action upon the expiration of the 30-day waiting period because the federal court case law concerning the applicable limitations period for a federal age claimant to file a civil action under the ADEA varies by jurisdiction.

If you have any questions concerning your agency's responsibilities upon receipt of the enclosed notice of intent to sue, please contact Maurice A. White, Equal Employment Opportunity Specialist in this office on 202-663-4564 (voice) or 202-663-4593 (TDD).

Sincerely,

Marjorie H. Borders
Acting Director
Complaints Adjudication Division

Enclosure

cc: Donald S. Hunter, Sr.
2345 Barkley Place
Forestville, MD 20747