UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DONALD S. HUNTER, SR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 06-326 (PLF) |
| ) | |
| CONDOLEEZZA RICE, Secretary, ) | |
| United States Department of State, ) | |
| ) | |
| Defendant. ) | |

## ANSWER TO COMPLAINT

Defendant Condoleezza Rice, Secretary of the United States Department of State ("Defendant"), through counsel, hereby responds to Plaintiff's Complaint as follows:

### First Defense

Plaintiff has failed to exhaust the required administrative remedies properly.

### Second Defense

The Complaint fails to state a claim upon which relief may be granted.

### Third Defense

In response to the numbered paragraphs of the Complaint, Defendant admits, denies or otherwise avers as follows:

1. This paragraph purports to identify the causes of action alleged by Plaintiff and the relief sought in this action. As such, it constitutes a conclusion of law to which no response is required. To the extent paragraph 1 contains any allegations of fact, denied.

2. This paragraph purports to identify the causes of action alleged by Plaintiff and the relief sought in this action. As such, it constitutes a conclusion of law to which no response is required. To the extent paragraph 2 contains any allegations of fact, denied.

3. Denied.

4. Admit that Mr. Castro and Ms. Allen consulted with each other and Defendant's Human Resources personnel regarding staffing in the Grants Division generally and that Mr. Castro issued a June 24, 2002 memorandum to plaintiff which is the best evidence of its contents and only a portion of which is reproduced in paragraph 4.

5. Deny, except to admit that Joyce C. Love, a GS-13 Grants Specialist retired from employment with the Department of State effective January 3, 2004.

6. Deny, except to admit that effective April 3, 2005, Phyllis A. Swann-Smith was promoted to a GS-14 Grants Specialist position in the Office of the Procurement Executive.

7. Defendant lacks sufficient knowledge and information to form a belief as to the allegations in paragraph 7 because plaintiff omits any vacancy announcement relating to an announcement, and therefore denies.

8. Deny, and aver that the Bureau of Educational and Cultural Affairs ("ECA") decided to post the position as a career ladder GS-9/11/12 position.

9. Deny, except to admit that Ms. Allen selected Julie Johnson to fill a Grants Specialist position without knowing Ms. Johnson's age, further admit that Ms. Johnson's appointment was effective May 16, 2004 at the GS-11 level, and that at the time of her selection, Defendant's records reflect that Ms. Johnson was 33 years old.

10. Deny, except to admit that Ms. Allen selected Kenyetta L. Gunther to a Grants Specialist position in the Grants Division without knowing Ms. Gunther's age. Defendant avers that Ms. Gunther's appointment became effective at the GS-9 level on August 21, 2005, and that Defendant's records reflect that Ms. Gunther was 39 years old at the time of her selection.

11. Deny.

12. Deny, and aver that Ms. Allen's deposition transcript in Civil Action No. 04-857 (PLF) is the best evidence of its contents.

13. Deny.

14. Admit that the Defendant's records reflect the information in the first sentence. Admit the allegation in the second sentence.

15. Admit.

16. Deny that the defendant is the Department itself because the defendant is the head of the agency, the Secretary of State, in her official capacity, but admit the allegations of fact.

17. Admit.

18. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegation in paragraph 18, but avers that its records reflect that plaintiff was born on May 18, 1958 and that he is male.

19. Defendant is without information to admit or deny.

20. Deny as stated, but admit that plaintiff was minimally qualified for a GS-13 Grants Specialist position if there was a vacancy in January 2004 or April 2005 and he submitted a complete and timely application in response to a relevant vacancy announcement.

21. Plaintiff's reference to "[t]he positions" is so vague and ambiguous that Defendant cannot form a belief as to the truth of the allegations, and so denies.

22. Deny.

23. Deny.

## **Discrimination on the Basis of Age**

Defendant responds to each sentence of this unnumbered paragraph as follows:

1. Admit.

2. Deny.

3. Deny.

4. Plaintiff's reference to "[t]he selectee's [sic] for the vacant positions" is so vague and ambiguous that Defendant cannot form a belief as to the truth of the allegations and so denies.

5. Deny.

6. Deny.

7. Deny.

8. Deny.

## **PRAYER FOR RELIEF**

The remainder of the Complaint contains Plaintiff's prayer for relief as to which no response is required. Insofar as a response is required, Defendant denies that Plaintiff is entitled to the relief requested or to any relief whatsoever. In particular, Defendant denies that Plaintiff is entitled to recover any damages in connection with the actions alleged in the Complaint; however, if any damages are recovered, the amount of those damages is subject to and limited by

42 U.S.C. § 1981a.  Except to the extent expressly admitted or qualified above, Defendant denies each and every allegation in the Complaint.

Plaintiff's Request for Jury Trial does not require an answer, but insofar as an answer may be deemed required, Defendant denies.  Defendant avers that a trial by jury is not available for age discrimination claims.

WHEREFORE, having fully answered, Defendant prays that this action be dismissed and that the Court grant such other and further relief as may be appropriate.

Dated: May 22, 2006.

        Respectfully submitted,

_____
KENNETH L. WAINSTEIN, D.C. Bar # 451058
United States Attorney

_____
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

/s/_____
JANE M. LYONS, D.C. Bar # 451737
Assistant United States Attorney
Civil Division
555 Fourth Street, N.W. - Room E4822
Washington, D.C.  20530
(202) 514-7161

## CERTIFICATE OF SERVICE

     I HEREBY CERTIFY that on this 22nd day of May, 2006, a true and correct copy of the foregoing ANSWER TO COMPLAINT was served upon pro se plaintiff by first class United States mail, postage prepaid, marked for delivery to:

DONALD S. HUNTER, SR.
2345 Barkley Place
Forestville, Maryland   20747

/s/
JANE M. LYONS, D.C. Bar # 451737
Assistant United States Attorney
United States Attorney's Office
Civil Division
555 4th Street, N.W. - Room E4822
Washington, D.C.   20530
(202) 514-7161