UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DONALD S. HUNTER, SR., | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 06-326 (PLF) |
| CONDOLEEZZA RICE, Secretary, United States Department of State, | ) |
| Defendant. | ) |

**DEFENDANT'S OPPOSITION TO**
**PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**

On May 5, 2006, Plaintiff served a motion for default judgment on counsel for the defendant Condoleezza Rice, Secretary of State.[1]  Plaintiff's motion should be denied because defendant is not in default and plaintiff's motion fails to satisfy the standard governing his motion.

As an initial matter, plaintiff's motion fails to satisfy the requirements for entry of default because his motion is not supported by an affidavit as generally required by Fed. R. Civ. P. 55(a).[2]  Although the rule may contemplate other methods of advising the Court that a party has

---

[1] Plaintiff's motion has not yet been added to the Court's Electronic Case Filing system, possibly because he failed to attach a certificate of service to his motion.  Nevertheless, defendant's counsel did not wish to delay further responding to the motion.  For the convenience of the Court, a copy of the plaintiff's motion is attached as Exhibit A.

[2] The affidavits of service filed by plaintiff [Docket Entry Nos. 3 and 6] are insufficient to prove proper service on the United States Attorney because Jane Lyons has not been designated to accept service on behalf of the United States Attorney.  See Wells v. Newsome, Civil Action No. 03-228 (HHK) (Aug. 21, 2003 Mem Op. & Order) (reviewing the requirements under Rule 4 for service and holding that "[b]ecause the summons and complaint in the instant matter were addressed to the 'Assist U.S. Attorney [sic] Office' and not to the *civil process clerk*,

failed to respond by providing that notice may be given "by affidavit or otherwise," a review of the docket confirms that plaintiff moved for entry of default before defendant's response to the complaint was even due.  In addition, defendant filed a timely motion to extend the time for her response by two weeks, and the Court granted defendant's motion for an extension of time to respond to the Complaint.[3]  As a result, defendant has appropriately defended this action from its inception to date.

The general standard in this Circuit for granting a motion for default judgment is set forth in Jackson v. Beech, 636 F.2d 831 (D.C. Cir. 1980), as well as Rule 55 of the Federal Rules of Civil Procedure.  As the Court of Appeals noted in Jackson, a default judgment is disfavored as "modern federal procedure favors a trial on the merits over a default judgment." Id. at 835.  The Jackson Court further held that courts may grant default judgment against a "totally unresponsive party" after considering the following factors: 1) whether the delay is willful, 2) whether the plaintiff has been prejudiced by the delay, and 3) whether the alleged defense is meritorious. Jackson, 636 F.2d at 835-36; Combs v. Nick Garin Trucking, 825 F.2d 437, 442 (D.C. Cir. 1987).

Moreover, when one seeks default against the government or its officers, the standard is significantly higher.

---

the court concludes that service was technically improper.") (attached as Exhibit B).

[3] On May 10, 2006, the Court entered an Order granting defendant's motion in Hunter v. Rice, Civil Action No. 04-857 (PLF), due to an inadvertent mistake by defendant's counsel in the Civil Action Number on the proposed order attached to the motion.  Plaintiff is represented by counsel in Civil Action No. 04-857 (PLF), and notice to plaintiff's counsel in that case should be deemed to have placed plaintiff on notice of the Court's grant of defendant's motion.  Cf. Link v. Wabash Railroad, 370 U.S. 626, 633-34 (1962).  Defendant's counsel apologizes to the Court again for the confusion engendered by this error.

> No judgment by default shall be entered against the United States or an officer or agency thereof unless the claimant establishes a claim or right to relief by evidence satisfactory to the court.

Fed. R. Civ. P. 55(e); see also O-J-R v. Ashcroft, 216 F.R.D. 150, 152-53 (D.D.C. 2003) (Rule 55(e) prohibits courts from entering default judgments against the United States or officers or agencies thereof unless the claimant, by evidence satisfactory to the court, establishes a right to relief). Plaintiff's motion makes no effort to demonstrate that he has a right to relief.

The record establishes that defendant has not willfully delayed responding to this action. Defendant's counsel filed a timely motion to extend the time for the initial responsive pleading by two weeks. The Court granted that motion and defendant filed an Answer to the Complaint on May 22, 2006. On the second factor, such a short delay cannot reasonably have caused plaintiff any genuine prejudice. The beginning stages of a case involving claims of employment discrimination routinely take several weeks and nothing in plaintiff's Complaint or his motion for default judgment indicates any unusual need for expediency here. The third prong of the test set forth in Jackson must be weighed in favor of Defendant. Proof of the claims plaintiff is bringing requires proof of intentional discrimination and are inherently fact based. Accordingly, the Jackson factors are not satisfied for the entry of default.

For all these reasons, the Court should deny plaintiff's motion for default judgment. A proposed order is attached.

Dated: May 23, 2006.

                                              Respectfully submitted,

                                              _____
                                              KENNETH L. WAINSTEIN, D.C. Bar # 451058
                                              United States Attorney

/s/_____
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

/s/_____
JANE M. LYONS, D.C. Bar # 451737
Assistant United States Attorney
Civil Division
555 Fourth Street, N.W. - Room E4822
Washington, D.C.  20530
(202) 514-7161

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that on this 23rd day of May, 2006, a true and correct copy of the foregoing Defendant's Opposition to Plaintiff's Motion for Default Judgment was served upon pro se plaintiff by first class United States mail, postage prepaid, marked for delivery to:

DONALD S. HUNTER, SR.
2345 Barkley Place
Forestville, Maryland   20747


                                              /s/
                                        JANE M. LYONS, D.C. Bar # 451737
                                        Assistant United States Attorney
                                        United States Attorney's Office
                                        Civil Division
                                        555 4th Street, N.W. - Room E4822
                                        Washington, D.C.  20530
                                        (202) 514-7161