UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DONALD S. HUNTER, SR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 06-326 (PLF) |
| ) | |
| CONDOLEEZZA RICE, Secretary, ) | |
| United States Department of State, ) | |
| ) | |
| Defendant. ) | |

## JOINT RULE 16.3 REPORT

The parties respectfully submit this case management plan as required by LCvR 16.3(c), setting forth their proposals regarding the matters specified in LCvR 16.3(c) and providing a proposed scheduling order. The parties' proposals are set forth below in the same order in which the matters are listed in LCvR 16.3(c).

Plaintiff is currently a GS-13 level Grants Specialist within the Bureau of Administration at the Department of State. This case involves Plaintiff's claim his former division, the Bureau of Educational and Cultural Affairs ("ECA"), decided to post a vacant position as a career ladder GS-9/11/12 position instead of promoting Plaintiff into one of the two vacant positions in 2004-2005 at the GS-13 or GS-14 level because of Plaintiff's age. Defendant acknowledges that Plaintiff's first-line supervisor in ECA, Ms. Fannie Allen, selected two Grants Specialists hired in 2004 and 2005 who were both female and under the age of forty. One was hired at the GS-9 level and the other at the GS-11 level. Defendant denies that its decision to post the position at a lower level than that held by the two employees (one of whom retired and one of whom was

promoted to a position in a different Bureau) was affected in any way by Plaintiff's or anyone else's age.

1. **Whether the case is likely to be disposed of by dispositive motion.**

    Plaintiff: No.

    Defendant: Unclear at this time.

    **Whether, if a dispositive motion has already been filed, the parties should recommend to the Court that discovery or other matters should await a decision on the motion.**

    The parties note that Plaintiff's opposed motion for default may still be pending as of the filing of this Report. See Docket Entry No. 8. To avoid unnecessary costs, the parties agree that discovery and other matters should await a decision on that motion.

2. **The date by which any other parties shall be joined or the pleadings amended.**

    Plaintiff: Plaintiff does not currently anticipate needing to amend the complaint or join any other party.

    Defendant: Defendant does not anticipate needing to amend the answer or join other parties.

    **Whether some or all of the factual and legal issues can be agreed upon or narrowed.**

    Unknown at this juncture, but the parties will work toward identifying any factual or legal issues upon which they can agree.

3. **Whether the case should be assigned to a magistrate judge for all purposes, including trial.**

   The parties do not consent to such an assignment at this time.

4. **Whether there is a realistic possibility of settling the case.**

   Plaintiff: The plaintiff is willing to discuss terms of a settlement.

   Defendant: Defendant is willing to discuss reasonable settlement options at this point.

5. **Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures (or some other form of ADR); what related steps should be taken to facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with their clients.**

   Plaintiff believes that ADR would be productive.

   The parties have discussed ADR and defendant believes that it may be productive for them to engage in settlement discussions with one of the Magistrate Judges promptly.

6. **Whether the case can be resolved by summary judgment or motion to dismiss.**

   Plaintiff: No.

   Defendant believes the case may be resolved on its anticipated motion for summary judgment to be filed after the close of discovery.

   **Dates for filing dispositive motions and/or cross-motions, oppositions, and replies.**

   Dispositive motions: 30 days after completion of discovery.

   Oppositions: 30 days after service of dispositive motions.

   Replies: 30 days after service of oppositions.

**Proposed date for a decision on the motions.**

60 days after due date for replies, or as soon thereafter as is consistent with the Court's calendar.

7. **Whether the parties should stipulate to dispense with the initial disclosures required by Rule 26(a)(1).**

   The parties agree to make the disclosures required by Rule 26(a)(1) and have agreed to make them by September 8, 2006.

8. **How long discovery should take.**

   The parties agree that four months should be sufficient to complete discovery.

   **What limits should be placed on discovery (e.g., number of interrogatories, number of depositions, duration of depositions).**

   Interrogatories:  25 interrogatories per side.

   Depositions:  Plaintiff proposes 10 depositions per side. Defendant proposes 5 depositions per side.

   Duration of depositions:  One day, seven hours. Pursuant to Fed. R. Civ. P. 30(d)(2), the parties may request flexibility in the duration of depositions if needed to ensure a fair examination of the deponents.

4

**Whether a protective order is appropriate.**

Plaintiff anticipates seeking employment records of persons other than himself; therefore, a protective order will be necessary to address Privacy Act requirements. The parties will propose such an order promptly after the start of discovery.

**A date for the completion of all discovery, including answers to interrogatories, document production, requests for admissions, and depositions.**

The parties respectfully request that discovery conclude by December 8, 2006.

9. **Whether the requirement of exchange of expert witness reports and information pursuant to Rule 26(a)(2) should be modified.**

The parties do not anticipate using expert witnesses. If that changes, the parties do not anticipate seeking any modification of the requirements of Rule 26(a)(2).

**Whether and when depositions of experts should occur.**

N/A

10. **In class actions, appropriate procedures.**

N/A.

11. **Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation?**

The parties agree that there is no need for bifurcation in this case.

12. **The date for the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter).**

The parties propose that the Court set a status conference soon after the close of discovery, and that the Court set a schedule for further proceedings at that time.

13. **Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.**

The Court should set a trial date at the pretrial conference.

14. **Such other matters that the parties believe may be appropriate for inclusion in a scheduling order.**

Plaintiff: Plaintiff continues to consider whether to retain counsel to represent him in this matter.

Defendant: Nothing further at this time.

Respectfully submitted,

*(signature)*
Donald S. Hunter, Sr.
2345 Barkley Place
Forrestville, MD 20747
(301) 967-0101

*Pro Se* Plaintiff

*(signature)*
KENNETH L. WAINSTEIN, D.C. Bar #451058
United States Attorney

_/s/ Rudolph Contreras_
RUDOLPH CONTRERAS, D.C. Bar #434122
Assistant United States Attorney

_/s/ Jane M. Lyons_
JANE M. LYONS, D.C. Bar #451737
Assistant United States Attorney
555 4th Street, N.W. - Room E4822
Washington, D.C. 20530
(202) 514-7161
Jane.Lyons@usdoj.gov

Counsel for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that, this 13th day of July, 2006, I caused a copy of the foregoing to be sent via first class United States mail, postage prepaid, to:

Donald S. Hunter, Sr.
2345 Barkley Place
Forrestville, MD 20747

_____
JANE M. LYONS, D.C. Bar # 451737
Assistant United States Attorney
555 Fourth Street, N.W. - Room E4822
Washington, D.C. 20530
(202) 514-7161