UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DONALD S. HUNTER, SR., )
                       )
        Plaintiff,     )
                       )
   v.                  )   Civil Action No. 04-857 (PLF)
                       )
COLIN L. POWELL, Secretary, )
United States Department of State, )
                       )
        Defendant.     )

## PLAINTIFF'S RESPONSE TO DEFENDANT'S FIRST SET OF DISCOVERY REQUESTS

Plaintiff Donald S. Hunter, Sr. by and through his undersigned attorney, hereby submits the following answers/documents to Defendant interrogatories and requests for of documents pursuant to the Federal Rules of Civil Procedure. Plaintiff hereby OBJECTS to the Defendant's Discovery on the grounds that said Discovery is overbroad, vague, overly burdensome, requests irrelevant, immaterial or inadmissible information or information protected by privilege, and/or contains multipart questions in violation of law, rule or regulation.

## ANSWER TO INTERROGATORIES

INTERROGATORY 1. Please state whether you have submitted any insurance claims with respect to any of the injuries you allege in this lawsuit. If so, please provide the name, address, and telephone number of the insurance company or companies in question; the date on which you submitted each such claim; the claim number for each such claim; and the result of each such the claim.

1



RESPONSE TO INTERROGATORY 1. No

INTERROGATORY 2. Please state whether you have submitted any workers' compensation or disability compensation claims with respect to the injuries you allege in this lawsuit. If so, please provide the date on which you submitted each such claim, the claim number, and the result of each such the claim.

RESPONSE TO INTERROGATORY 2. No

INTERROGATORY 3. Please state whether you have submitted a claim for unemployment compensation with respect to the injuries you allege in this lawsuit. If so, please provide the date on which you filed such claim, the jurisdiction in which you filed the claim, the claim number, the employer involved, and the result of the claim (including the total amount of any unemployment compensation you received).

RESPONSE TO INTERROGATORY 3. No

INTERROGATORY 4. Please state whether you have ever filed an administrative EEO complaint for claims other than those asserted in this lawsuit. If so, please provide the date of filing of each such complaint, the agency or employer against which you filed the complaint, the case number of the complaint, a description of the allegations you made in the complaint, and the result of the complaint (including, if applicable, the amount of any settlement you received).

RESPONSE TO INTERROGATORY 4. Yes, Plaintiff filed in October 1993 an EEO complaint (See Defendant's files for #) against the U.S. Information Agency (USIA) alleged discrimination based on race and sex for wrongful termination from the Office of

the Inspector General (OIG). An investigation was conducted and a Report of Investigation (ROI) was issued. USIA, Office of Civil Right (OCR) issued a Final Agency Decision (FAD) with a finding of discrimination (race). A settlement agreement was reach in April 1995. Plaintiff was reinstated June 1995 with back pay of approximately $80,000. Plaintiff filed a second EEO complaint #OCR 97-09 on December 10, 1996 against USIA, Office of the Comptroller alleged discrimination based on retaliation, race and sex for non-selection of the position of Budget Analyst, GS-560-11/12/13/14. Plaintiff with budget experience, over 20 years of government service applied for and was qualified for the Budget Analyst position at USIA. The position was filled by Elizabeth Lee a white female with less than 4 years of government service no budget experience, who had received a Reduction-In-Force letter. An investigation was conducted a ROI (incomplete) was issued. USIA, OCR issued a FAD stating we do not find that Complainant was discriminated against, Complainant may file a civil action in an appropriate United States District Court. Other non-white employees filed complaints over the selection of Ms. Lee. In 1997, a class action suit was filed. The class action suit was dismantled in 1999 before the consolidation of USIA with Department of State and class agents received settlements.

INTERROGATORY 5. Please state whether you have ever been a party in a lawsuit other than this one. If so, please provide the date of filing of each such lawsuit, case caption, the case number, the name of the court in which it was filed, a description of the allegations made in the lawsuit, and the result of the lawsuit (including, if applicable, the amount of any settlement or judgment).

RESPONSE TO INTERROGATORY 5. Yes, December 15, 1996:

3

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DONALD S. HUNTER, SR.
    Plaintiff, pro se

vs.                    C. A. No. 96-2762 (GK)

JOSEPH D. DUFFEY, Director
United States Information Agency
    Defendant

Plaintiff alleged violations of Title VII for breech of contract (1995 settlement agreement) and non-selection. Plaintiff alleged race, sex and retaliation when Defendant failed to reinstated Plaintiff in a position agreed to in the 1995 settlement agreement and non-selection for the Budget Analyst position. In November 1997, USIA Officials proposed a promotion and reassignment to a Grants Specialist position. Plaintiff agreed to the proposal, was reassigned to the Grants Office and promoted to a GS-11. Plaintiff submitted a motion to the judge requesting the case be dismissed without prejudice.

INTERROGATORY 6. Please provide a precise computation of each and every category of damages, including, but not limited to, lost wages, lost leave time, and any other out-pocket-expenses, medical expenses, and compensatory and consequential damages you claim in this lawsuit.

RESPONSE TO INTERROGATORY 6. Plaintiff claims damages of:

- back pay of about $25,156 - the difference between a 2002 promotion GS-13/1 and GS-12/3.
- The difference between a 2003 promotion to GS-14/1 and GS-13/1.
- The difference between within grade step increase 2004 GS-14/2 and GS-14/1.

4

- The difference between within grade step increase 2005 GS-14 /3 and GS-14/2. Attorney fees.
- Court fees of $185.
- Expert witness fees of $1,200 February 2005.
- Compensatory damages of up to $300,000.
- Any other recoverable costs and expenses accrued before settlement of case.

INTERROGATORY 7. Please identify every person you believe has knowledge or information relevant to the claims asserted in this lawsuit. For each such person, please description the nature of the person's knowledge or information.

RESPONSE TO INTERROGATORY 7. Jackie Hill (African American female), former ECA's Chief of Human Resources current employee of the Bureau of Diplomatic Security: Ms. Hill provided advice and guidance to Mr. Castro and Ms. Allen on Plaintiff 2002 request for an accretion of duties promotion. Ms. Hill provided advice and guidance to Ms. Allen on Julie Johnson 2003 accretion of duties promotion to GS-11, which she received through competitive procedures. Ms. Hill knew ECA employed less than 10 African American males with only 2 at the GS-13 and none above GS-13. Ms. Hill knew ECA has no African American male in a decision-making role as a supervisor or manager. Ms. Hill has knowledge that ECA management hired and promoted white and female employees to GS-13 and 14 who have only a high school education (Susan Schlosberg a white female, Joyce Love and Loretta Gentry Milburn and Shirley Ann Ginyard African America females). Ms. Hill was the ECA's Official responsible for making recommendations and suggesting corrective actions to met the Bureau's Affirmative

5

Action Plan.

Rodney Adams (African American male), a Production Coordinator for the Bureau of International Information Programs (IIP), DOS: Mr. Adams applied, qualified and interviewed for several vacant Grants Specialist positions in ECA's Grants Division. Mr. Adams believes he was not selected because of his race and sex.

Sandy Painter (White female), former ECA's Human Resources Specialist current employee of the Bureau of Diplomatic Security: Ms. Painter was the HR Specialist for ECA's Grants Division, has knowledge of personnel actions Ms. Allen requested when it came to promotions, awards, quality step increases etc... Ms. Painter has knowledge of how Ms. Allen failed to follow procedures and treated the Plaintiff different from female team members on performance appraisals, quality step increases and non-competitive and competitive promotions.

Arnold Lee (Asia American male) retired Chief of the Grants Management Division, Office of Global Financial Service, Bureau of Resource Management, RM/GFS/FPRA/GM. Mr. Lee was the selecting official for the two vacant # 02-0240 GS-13/14 Financial Management Specialists that Defendant failed or refused to competitively select the Plaintiff. Plaintiff was not notified of non-selection at the GS-13 level until after filing an appeal with EEOC. Defendant notified Plaintiff of been ineligible at the GS-14 level during the informal stag of complaint. The duties of the positions were to recommend and manages a financial payment system for Defendant's grant recipients. Plaintiff was the Defendant's expert on the financial payment system chosen, the Department of Health and Human Service, Payment Management System. Mr. Lee selected an African American female and a White male for the positions. Plaintiff was not interview by Mr. Lee for the positions. There are no African American males employed in the Grants

6

Management Division, RM/FGS/FPRA/GM. Plaintiff believes Mr. Lee discussed Plaintiff application for the vacant positions with Ms. Allen.

Georgia Hubert (White female) Director of Federal Assistance Program, Office of the Procurement Executive, Bureau of Administration, A/OPE: Plaintiff applied in 2003 for the vacant GS-13/14 Grants Policy Analyst #02-0690 in Ms. Hubert office. Defendant found the Plaintiff ineligible at the grade GS-14 for not meeting the time-in-grade at the GS-13. Plaintiff received no notification he was not eligible at the GS-13. Ms Hubert was the selecting official that selected an African American female. Plaintiff experience and education was superior to the African American female selected. There are no African American males employed by the Office of Federal Assistance Program, A/OPE.

INTERROGATORY 8. If you claim to have suffered emotional distress as a result of the incidents alleged in this lawsuit, please identify every physician and medical or mental health professional (including counselors) with whom you have treated or consulted since January 1, 1997.

RESPONSE TO INTERROGATORY 8. Plaintiff sought no professional help for emotional distress suffer the past 5 years due to Defendant's actions/non-actions to resolve Plaintiff's request to be treated the same as whites and females employees. Plaintiff feels humiliated, betrayed, frustrated and agitated due to being forced to file EEO complaints, going thru investigations, appeal to EEOC and now the U.S. District Court to seek justice. Plaintiff has suffered with depression since 2000 when the Plaintiff supervisor promoted the other GS-12's (females) and Defendant's management has rally around the supervisor to purposefully denied Plaintiff promotions. Family and friends has notice Plaintiff going through mental stress and strain throughout the case.

INTERROGATORY 9. If you claim to have suffered emotional distress as a result of the incidents alleged in this lawsuit, please state whether you have been prescribed any medication since January 1, 1997. If so, please identify each such medication, the physician or medical or mental health professional who prescribed it, the dosage prescribed, and the dates during which you took such medication.

RESPONSE TO INTERROGATORY 9. No

Respectfully Submitted,

Michael J. Snider, Esq.
Snider & Fischer, LLC
104 Church Lane, Suite 201
Baltimore, MD 21208
410-653-9060 phone
410-653-9061 fax
mike@sniderlaw.com email

*I declare under penalties of perjury that the foregoing is true and correct.*

*July 4, 2005*

*[signature: Donald S. Hout]*

8

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on June 6, 2005, I caused a copy of the foregoing to be sent by email, to::

STRATTON C. STRAND, D.C. Bar #464992
Assistant United States Attorney
Judiciary Center Building
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 514-7236

                                        Michael J. Snider, Esq.
                                        Snider & Fischer, LLC