**Memorandum**

TO: AFGE Local 1534, Representative - Mr. Lawrence Williams

FROM: ECA - Miller Crouch

SUBJECT: Response to Step 2 Grievance of Donald Hunter

DATE: June 17, 2004

I have carefully reviewed the issues outlined in the Step 2 Grievance of Mr. Donald Hunter and submit the following responses.

**Issue:**

June 24, 2002, Mr. Hunter received a memo from ECA, Deputy Executive Director informing him that he would be given consideration for a GS-13 Grants Specialist position when one became available in the future. This memo was in response to a request by Mr. Hunter for an accretion of duties promotion.

**Response:**

Mr. Hunter declined to accept this response as a resolution to his request for an accretion of duties promotion and filed an EEO complaint regarding this issue. This is still being addressed through EEO procedures.

**Issue:**

On February 17, 2004, Mr. Hunter submitted an application (action memo) requesting consideration for a direct hire or non-competitive appointment to the vacant GS-13 Grants Specialist position open by the retirement of Ms. Joyce Love.

**Response:**

Although the position vacated by Ms. Joyce Love was previously filled and classified as a GS-13 Grants Specialist, Ms. Fannie Allen declined to re-fill the position at the GS-13 level. Ms. Allen was in the process of using the slot





vacated by Ms. Love to advertise an 11/12 Grants Specialist position when Mr. Hunter submitted his request. Additionally, the authorities cited by Mr. Hunter are appointing authorities not appropriate for promoting an individual already employed by the federal government on a career position.

Issue:

Downgrade of the GS-13 position previously occupied by Ms. Joyce Love.

Response:

Supervisors have the right to determine how they use their organization's resources. When a position is vacated management can reprogram or reclassify a position in any manner they deem appropriate to accomplish the work of the organization.

The letter dated June 24, 2002 stating that Mr. Hunter would be considered for future GS-13 Grants Specialists positions in no way obligated management to post a GS-13 position or to select Mr. Hunter for the position. It merely advised Mr. Hunter that he would be considered for future positions. This is the same consideration that must be given to any employee eligible and qualified for the position.

Issue:

The Step 2 Grievance also alleges violation of Article 14 of the Labor-Management Agreement dealing with Merit Promotion procedures.

Response:

There has been no violation of merit promotion procedures in general or related specifically to Mr. Hunter. It was not a violation of merit procedures for ECA management to decide to post the position at a lower grade level. ECA has not advertised a Grants Specialist position at the GS-13 level for which Mr. Hunter did not receive fair consideration. Additionally, both requests for consideration for a promotion were under other personnel procedures. His first request was a request for a promotion based upon accretion of duties. His second request was for a non-competitive promotion. Merit promotions procedures are not used in either of these situations.

Issue:

Over the past three years, Mr. Hunter has been assigned GS-13 duties to perform and Ms. Allen has evaluated his performance of those as duties excellent.

**Response:**

The duties of the GS-12 and the GS-13 are similar in several aspects. The difference lies in the level of supervision and the complexity of the majority of work performed. Mr. Hunter has been given some work that would be considered GS-13 level as part of his professional development. However, all of his assignments are supposed to be reviewed by a Senior Grants Specialist. (Mr. Hunter has been counseled regarding his failure to adhere to this requirement).

Ms. Allen believes Mr. Hunter has the potential to perform at the GS-13 level, however, she has counseled him outside of the formal appraisal process regarding his need to improve his verbal and written communication skills. Additionally, Mr. Hunter's written work products continue to require editing and monitoring by his team leader. Ms. Allen advised him to take the appropriate training necessary to make those improvements. Mr. Hunter and Ms. Allen agreed on a training plan that would help Mr. Hunter prepare himself to successfully operate with the independence that is indicative of a GS-13 Grants Specialist. To date, Mr. Hunter has failed to complete the mutually agreed upon classes on his Individual Development Plan.

Mr. Hunter is currently occupying a GS-12 Grants Specialist position and his evaluations are based on his overall performance. Mr. Hunter has received excellent performance appraisals; the receipt of these appraisals does not create the entitlement to a promotion.

I have reviewed all the issues brought forth in your Step 2 Grievance and do not believe there has been a violation of any provisions of the Labor-Management Agreement or federal rules and regulations governing competitive actions. Therefore, I am denying your requested remedy of a retroactive promotion for Mr. Donald Hunter.