

**United States Department of State**

*Washington, D.C. 20520*

September 22, 2004

Mr. Lawrence Williams
AFGE Local 1534 Representative
Room 1247
Harry S Truman Building

Dear Mr. Williams:

    This letter constitutes the Department's written decision, required under Article 21 section 6 of the agreement negotiated between the Department and AFGE Local 1534, on the grievance dated June 29 that you filed on behalf of Mr. Donald S. Hunter. I acknowledge that it is overdue and that the staff member assigned to process this case did not timely request of you an extension of time in which to provide this step 3 response. I regret and do not condone these oversights and apologize to you and Mr. Hunter for their occurrence.

    The core of Mr. Hunter's grievance is that the Bureau of Educational and Cultural Affairs violated Article 14 of the negotiated agreement when it failed to afford him an opportunity to compete for and occupy the GS-13 Grants Specialist position vacated by the departure of the incumbent, Ms. Joyce Love. Mr. Hunter alleges that ECA management did not honor the terms of a June 24, 2002 memo "to afford Mr. Hunter consideration when a vacant GS-13 Grants Specialist position became available in his office." As part of its review and investigation of these claims, the Grievance Staff (HR/G) asked ECA's Executive Office to address Mr. Hunter's allegations. I enclose that office's report, which is dated August 17, for your consideration.

    The report, along with Mr. Miller Crouch's step 2 grievance response, reveals that the June 2002 memo was addressed to Mr. Hunter in the context of his then request for an accretion of duties promotion. While his request was not granted, the Bureau assured him that "if a GS-13 position became available we would be happy to consider you for the position." In the case of the GS-13 position vacated by Ms. Love earlier this year, ECA decided not to fill the position at the GS-13 level but rather to advertise and fill it as a GS-11/12. As ECA notes in its report, management may reprogram or reclassify a position in order to accomplish the work of the organization.

    Under these circumstances, I cannot conclude that Mr. Hunter failed to receive proper consideration under Merit Promotion procedures, or that the Department has an obligation to promote Mr. Hunter noncompetitively. On this latter point, I further note that 5 CFR 335.103 (c)(3)(vi), which you cite, permits an agency to except some actions from competitive procedures, including "consideration of a candidate not given proper consideration in a competitive promotion action." This provision would have no



GOVERNMENT EXHIBIT
5

relevance to Mr. Hunter's circumstances even if Ms. Love's vacated position had been advertised at the GS-13 level. In all, I do not find that the Department violated Article 14 of the negotiated agreement as alleged.

As noted in your grievance, Mr. Hunter concurrently filed an EEO complaint concerning the position vacated by Ms. Love's departure, alleging discrimination on the basis of race and sex, and further alleging retaliation for a previously filed EEO complaint. These matters are not at issue herein since Article 21 of the DOS - AFGE Local 1534 agreement excludes from the negotiated grievance procedure matters subject to the EEO Complaint process. To the extent that the grievance refers to such matters, I must note therefore that they are excluded from the scope of my consideration. This conclusion applies to your alleged violation of 29 CFR 1614.603, ECA's alleged retaliation against Mr. Hunter for filing an EEO complaint, or alleged discrimination against Mr. Hunter. Similarly, Article 21 excludes from its coverage prohibited personnel practices. Accordingly, the allegation of a violation of 5 USC 2302 is inappropriately included in your grievance submission.

Based on the foregoing, I must deny Mr. Hunter's grievance in its entirety.

Sincerely,

Linda S. Taglialatela
Deputy Assistant Secretary
for Human Resources

cc: ECA-IIP/EX
    DGHR/PC – Ms. Moorse