UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| DONALD S. HUNTER, SR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 06-326 (PLF) |
| | ) | |
| CONDOLEEZZA RICE, Secretary, | ) | |
| United States Department of State, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## DEFENDANT'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF DISCOVERY REQUESTS

The following responses and objections are based on information that Defendant has been reasonably able to gather to date. Defendant Condoleezza Rice, Secretary, United States Department of State, reserves the right to supplement the following responses and objections if the personnel from the Department of State become aware of additional information.

### GENERAL OBJECTIONS

A.    Defendant objects to these interrogatories and document requests insofar as they seek to impose requirements beyond those established under Fed. R. Civ. P. 26, 33, and 34. Defendant will provide responses in compliance with the Rules.

B.    Defendant objects to these discovery requests insofar as they seek information protected by (i) the attorney-client privilege; (ii) the work-product doctrine; or (iii) any other privilege, including the law enforcement privilege. To the extent any



GOVERNMENT EXHIBIT
u

submitted as exhibit EE to defendant's motion for summary judgment in Civil Action No. 04-857 (PLF) for further information.

**10. Describe in detail why BECA Officials did not post the 2004 and 2005 vacant GS-13 Grants Specialist positions at the current grade level.**

RESPONSE:  Defendant objects to this request to the extent that it is vague; it is not clear what the "2004 and 2005 vacant GS-13 Grants Specialist positions" or "current grade level" refers to.

Without waiving her objection, Defendant states that with respect to what may be considered the 2004 vacant GS-13 Grants Specialist position, Joyce C. Love, a GS-13 Grants Specialist in the Grants Division, retired on January 3, 2004.  When she retired, Ms. Fannie Allen was the Chief of the Grants Division.  Ms. Allen first discussed her options about what to do about filling the position that Joyce Love would vacate with the Human Resources Division, and in particular, Jacqueline Hill. The Human Resources Division advised Ms. Allen that she, as the Chief of the Division, could decide how she wanted to use and fill the position, and that she was not required to post the position at the GS-13 level.  In general, she was advised that when a position is vacated, management can reprogram or reclassify a position in any manner they deem appropriate to accomplish the work of the organization.  As the supervisor, Ms. Allen understood that she had the responsibility to determine how to best use her organization's resources to meet the organization's needs.

With that understanding, Ms. Allen considered the organizational structure of the Division.  It consisted of the following grants specialists at that time:

8

Division Chief – Fannie Allen (GS-14)

Senior Grants Specialist (GS-13)
Team Leader
Connie Stinson

Senior Grants Specialist (GS-13)
Team Leader
Margaret Ahern

GS-13 Grants Specialist
Phyllis Swann-Smith

GS-13 Grants Specialist
Joyce Love

GS-12 Grants Specialist
Donald Hunter

GS-11 Grants Specialist
Janet Yates

GS-11 Grants Specialist
Julie Johnson

Although the position vacated when Ms. Love retired was filled and classified as a GS-13 Grants Specialist, Ms. Allen did not believe that filling the position at the GS-13 level would be in the Division's best long-term interests. First, Ms. Allen did not want to fill the position at the GS-13 level because of her desire to restructure the Division consistent with the Department's organizational policy and objectives. In that regard, the Foreign Affairs Manual ("FAM") 1 FAM 014.1 regulations on General Organizational Objectives are pertinent. That section provides that organizational structures should strive to achieve a proper balance among Mission needs, efficiency of operations, and effective employee utilization. It further provides that organizational planning be guided by: (1) meeting Department priorities; (2) improving service delivery; and (3) improving internal management.

As part of the restructuring envisioned by Ms. Allen, the Division would have improved internal management with the clearer reporting requirements through the team structure and team leadership of two GS-13 Senior Grants Specialists. Grants Specialists from the trainee to journeyman level (GS-9 to GS-12) would report to the

9

two GS-13 Team Leaders and these two Team Leaders would report to Ms. Allen.
Ms. Allen understood that a true team structure would consist of the two GS-13 Team
Leaders, with 2 GS-12s and a lower grade (GS-11 or GS-9) reporting to each team
leader. This is the structure that Ms. Allen wanted to move towards. Ms. Allen's
decision to recruit this position at a lower grade level was based on her restructuring
vision for the efficient and effective operation of the Grants Division, the mission of
the Division, the capability of GS-12, GS-11 and GS-9 Grants Specialists to do the
lion's share of the work, and what made sense with two GS-13 Team Leaders.

In addition, Ms. Allen was anticipating the future needs of the Division. Ms.
Allen was mindful of a *Government Executive* article she had read previously about
workforce planning. Several points in the article resonated with her. The article
discussed depletion of experienced personnel from the Federal Government. The
point that Ms. Allen inferred from this article was that managers should have plans in
place, including the training and development of lower level staff, to ensure that there
were seasoned employees in the organization to accomplish the work.

Finally, Ms. Allen desired to provide for a career ladder in order to attract
qualified candidates who would be motivated by the possibility of advancement and
professional development opportunities in the Grants Division. With such
opportunities to rise to the journeyman level, Ms. Allen believed that employees
would be more likely to stay, which would further benefit the Division.

Accordingly, by memorandum dated March 4, 2004, Ms. Allen requested that a
vacancy announcement be posted for the position vacated by Ms. Love, to recruit all
sources for a GS-11 Grants Specialist, with full performance to GS-12. A vacancy

10

announcement (AR 188963) was posted for a GS-11 Grants Specialist on March 25, 2004.

With respect to what may be considered the 2005 vacant GS-13 Grants Specialist position, Phyllis A. Swan-Smith, a GS-13 Grants Specialist in the Grants Division, was promoted to a GS-14 Policy Analyst position in the Bureau of Administration, having been selected in February 2005. A vacancy announcement for a GS-9 Grants Specialists position (Vacancy Identification No. AR152751), which opened on December 23, 2004 and closed on January 13, 2005, had been posted for another vacant position in the Division. After learning of the additional vacancy that would be created by Ms. Swann's departure, and consulting with the Human Resources Division, Ms. Allen was informed that she could make a selection for Ms. Swann's soon to be vacant position from the OPM Certificate of Eligible candidates dated February 18, 2005, in response to that vacancy announcement (Vacancy Identification No. AR152751). Ms. Allen was able to fill the position more quickly, without having to re-advertise. Ms. Allen decided to fill the position to be vacated by Ms. Swann at the GS-9 level. Ms. Allen selected Kenyetta Gunther for the position from Certificate of Eligibles No. AR-05-BJD-00155SO. Again, as the Division Chief, Ms. Allen had the responsibility to determine how to best use her Division's resources to accomplish the work of the Division. Ms. Allen was motivated to fill the position at the GS-9 level as a continuation of her restructuring vision for the Division as described above, as well as part of workforce planning, and to provide career ladder opportunity, all of which are described above with respect to the 2004 vacancy.

I certify that the foregoing answers to Plaintiff's Interrogatories 7, 8, 14, and 16 are true and correct to the best of my knowledge and information:

Felicia Gibson
Chief, Human Resources Division
Office of the Executive Director
Bureau of Economic and Cultural Affairs

I certify that the foregoing answers to Plaintiff's Interrogatories 4, 5, 6, 10, 11, and 12 are true and correct to the best of my knowledge and information:

:

Fannie Allen
Chief, Grants Division
Office of the Executive Director
Bureau of Economic and Cultural Affairs