09A60166

Donald S. Hunter, Sr.
2345 Barkley Place
Forestville, MD. 20747
(202) 203-7173(w)
(301) 967-0101(h)

January 9, 2006

Equal Employment Opportunity Commission
Office of Federal Operations
Federal Sector Programs
P.O. Box 19848
Washington, D.C. 20036

### Written Notice Of Intent To File Suit In 30 Days

1. This is an action by Complainant Donald S. Hunter, Sr. ("Mr. Hunter," "Complainant") to redress actions taken individually and collectively by Defendant, the U.S. Department of State ("DOS", "Bureau of Educational and Cultural Affairs", "ECA" "301 4th Street S.W., Washington DC 20547") based on age discrimination pursuant to Title VII of the Civil Rights Act of 1964, 42 USC §2000e-5 and the Age Discrimination in Employment Act ("ADEA").

2. This action arises under Title VII of the Civil Rights Act of 1964, 42 USC §2000e-5, and the Age Discrimination in Employment Act, which prohibits discrimination, based on race, age, national origin and/or retaliation for protected activity.

3. On June 24, 2002, Mr. Ben Castro, ECA former Deputy Executive Director in consultation with Ms. Fannie Allen, Chief of the Grants Division and the Human Resource office, issued a memo to Complainant, in response to Complainant 2002 request for a promotion.  The June 24, 2002 memo



EXHIBIT
2
3·26·07

clearly states "There are currently four GS-13 positions in the Grants Division. All of these positions are currently filled. There are no GS-13 vacancies available at this time in your immediate organization. If a GS-13 position became available we would be happy to consider you for the position. "

4. On January 2, 2004, Ms. Joyce Love a GS-13 Grants Specialist retired from ECA, Grants Division creating a vacant GS-13 position.

5. In May 2005, Ms. Phyllis Swann a GS-13 Grants Specialist in ECA, Grants Division received a promotion in another bureau, creating a vacant GS-13 position.

6. On February 17, 2004, Complainant submitted an application for Ms. Love's vacant GS-13 Grants Specialist position in the Grants Division to ECA's Management and Human Resource Office for consideration as a direct hire under 5 CFR 330.101 and 335.103 (c) (3).

7. In March 2004, ECA downgraded Ms. Love vacant GS-13 Grants Specialist position to GS-11/12 position.

8. In April 2004, Ms. Allen selected Ms. Julie Johnson who age is under 40 for Ms. Love's vacant position.

9. In August 2005, Ms. Allen selected Ms. Kenyetta Gunther who age is under 40 for Ms. Swann's vacant position.

10. On August 25, 2005, Complainant filled an EEO complaint (age discrimination) with the Defendant's Office of Civil Rights.

11. Since June 2002, Ms. Allen has hired four additional employees all under the age 40.

12. Complainant is a US citizen and resident of Forestville, Maryland, and is a 47 year old African American male. At the time of the events giving rise to this case, and at all times relevant, Complainant was and employed by the U.S. Department of State.

13. Upon information and belief, Defendant, the U.S. Department of State is a federal agency and main headquarter is located in Washington DC.

14. At all times relevant to this case, Defendant, U.S. Department of Sate has been an employer and has engaged in an industry affecting commerce, has employed fifteen or more employees, and otherwise has been an employer, within the meaning of 42 U.S.C. Sec 2000(b).

15. Complainant is employed as a GS-12 Grants Specialist, with the U.S. Department of State, Bureau of Educational and Cultural Affairs.

16. Complainant was born on May 18, 1958 and was, at all relevant times herein mentioned, a male over age forty (40).

17. Complainant was born in United State.

18. Complainant was well qualified for the vacant GS-13 Grants Specialist positions that became available in January 2004 and August 2005.

19. The positions ware open to all Department of State employees.

20. As a direct result of Defendant's actions and omissions, Complainant suffered monetary damages.

3

## Discrimination on the Basis of Age

Complainant is and at all times hereto was over the age of 40. That all of the aforementioned events constituted intolerable work conditions. Defendant downgraded the vacant GS-13 Grants Specialist positions because of Complainant age over (40). The selectee's for the vacant positions was upon information and belief either under the age of 40 or substantially younger than Complainant. That all of the aforementioned events constituted deliberate attempts to not promote Complainant based on his age. That these aforementioned actions were made with the authority or approval of the employer. Defendants' actions in not promoting Complainant because of his age, constitutes discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 USC §2000e-5 and the Age Discrimination in Employment Act. Defendants' actions and omissions constitute gross, wanton, reckless, and/or intentional violations of Complainant's rights under the Title VII of the Civil Rights Act of 1964, 42 USC §2000e-5 and the ADEA.

**WHEREFORE, COMPLAINANT PRAYS** that he be awarded the following relief:

a) An injunction enjoining Defendants, jointly and severally, from engaging in such conduct in the future;

b) An order directing Defendants, jointly and severally, to promote the Complainant with an award of back pay and fringe benefits and/or front salary and benefits;

c) An order directing Defendants, jointly and severally, to pay an award of statutory compensatory (pecuniary and non-pecuniary) up to the maximum

4

amount permitted by statute and punitive damages in an amount to be determined;

d)  An order directing Defendants, jointly and severally, to pay reasonable attorneys fees and costs of this litigation; and

e)  Such other and further relief as the Commission may deem just.

Respectfully Submitted,

Donald S. Hunter, Sr.