UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DONALD S. HUNTER, SR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 06-326 (PLF) |
| ) | |
| CONDOLEEZZA RICE, Secretary, ) | |
| United States Department of State, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**DEFENDANT'S REPLY IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT**

**INTRODUCTION**

Plaintiff vainly attempts to avoid summary judgment with both legal and factual

arguments of no merit. First, Plaintiff had a full and complete period for discovery, and

Plaintiff's Opposition fails to demonstrate that there are genuinely disputed facts that create a

triable issue of age discrimination or retaliation. Second, despite Plaintiff's attempt to overcome

over 100 years of Supreme Court precedent with a law review article, summary judgment is

constitutional, and he presents no legitimate reason to stray from that bedrock legal framework

here. Third, Plaintiff can not make any claims relating to the 2004 denial of promotion because

he failed to exhaust his administrative remedies in a timely manner. Fourth, Plaintiff suffered no

adverse action in 2005 on which to base a claim for age discrimination. Finally, Plaintiff did not

allege a retaliation claim in his Complaint, but even if he did, he is unable to establish a *prima*

*facie* case. In sum, because there is no "genuine issue for trial," Defendant's motion for

summary judgment should be granted.

**ARGUMENT**

I.    **Plaintiff Concedes All of the Undisputed Facts Which Are Sufficient to Grant Summary Judgment**

Plaintiff's Opposition concedes all but two of the statements of fact proffered by Defendant, and his attempts to contradict those two fail to establish a material issue of fact.  See Pl.'s Opp. at 2 (incorporating Defendant's Statement of Material Facts Not in Genuine Dispute ("DSMF")).  With regard to DSMF ¶ 9, Plaintiff offers no evidence other than his own "statement" in his brief which is not evidence.  Beyond the fact that this amounts primarily to a matter of characterization, the precise mechanism by which Plaintiff temporarily ceased employment with the Agency in 1993 is merely background to the actions in a different decade that he seeks to challenge here.  It is not a material fact in the sense that it is critical to entering judgment in favor of defendant on the claims in this case.  Even if it were, however, having been deemed to have conceded this exact same fact in Civil Action No. 04-857 (PLF), Plaintiff will be stuck with it here as well.[1]

---

[1]  The Court deemed Plaintiff to have conceded all of the DSMF in his earlier action against the Secretary, Civil Action No. 04-857 (PLF), and DSMF ¶ 9 is the same in both cases.  See March 26, 2007 Op. at 8.  The judgment in Civil Action No. 04-857 is currently on appeal.  Once it becomes final, however, all of these same facts will be subject to collateral estoppel which provides that once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first action.  Allen v. McCurry, 449 U.S. 90, 94 (1980); United States v. Mendoza, 104 S. Ct. 568, 571 (1984); Montana v. United States, 440 U.S. 147, 153 (1979); American Employers Ins. Co. v. American Security Bank, 747 F.2d 1493, 1498 (D.C. Cir. 1984).  Application of the doctrine of collateral estoppel "represents a decision that the needs of judicial finality and efficiency outweigh the possible gains of fairness or accuracy from continued litigation of an issue that previously has been considered by a competent tribunal."  Nasem v. Brown, 595 F.2d 801, 806 (D.C. Cir. 1979).  It also relieves parties of the burdens attending multiple lawsuits, conserves judicial resources, minimizes the risk of inconsistent decisions, and provides finality in the resolution of disputes.  United States v. Mendoza, 104 S. Ct. at 571; Cutler v. Hayes, 549 F. Supp. at 1343; see Hardison v. Alexander, 655 F.2d 1281, 1288 (D.C. Cir. 1981).

As for DSMF ¶ 22, Plaintiff once again offers no evidence to support his illogical and, at best, hyper-technical assertion that Team Leaders supervised employees but did not provide guidance.  See id.  There is no evidence cited in Plaintiff's Opposition to support this vague proposition which also amounts to Plaintiff's characterization, rather than a material issue of fact.  Because the concept of supervision is glove-in-hand with providing guidance, the Court should deem DSMF ¶ 22 conceded.[2]  Indeed, the role of the Team Leaders in daily work assignments is only minimally material to Defendant's motion because he challenges his non-promotion by his supervisor, not a Team Leader.  Accordingly, Plaintiff's Opposition fails to establish a material issue of fact.  Because DSMF demonstrates that there are no issues of material fact and Defendant is entitled to judgment as a matter of law, summary judgment is appropriate.

The legal standards for summary judgment are well established, and Rule 56(e) directs that summary judgment "*shall* be entered against the adverse party" if that party fails to raise a genuine issue for trial (emphasis added).  See also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986) ("[T]here is no issue for trial unless there is sufficient evidence favoring the

---

[2]  Even at the pleading stage, the Court must only accept as true the well-pleaded facts put forth by plaintiffs, and is s not bound by their characterization.  See Kowal v. MCI Communications Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994); Kivanc v. Ramsey, 407 F. Supp. 2d 270, 277 (D.D.C. 2006).  The burden on a party opposing summary judgment is to come forward with evidence.  Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986) ("a party who fails to make a showing sufficient to establish the existence of an element essential to establish that party's case, and on which that party will bear the burden at trial" cannot withstand a motion for summary judgment).  If the non-movant's evidence is "merely colorable, or is not significantly probative, summary judgment may be granted."  Anderson v. Liberty Lobby, 477 U.S. 242, 249-50 (1986) (internal citations omitted).

3

nonmoving party for a jury to return a verdict for that party.").[3]  It is certainly not incumbent on

the Court to sift through the considerable volume of exhibits Plaintiff submitted, few of which

are actually cited in his Opposition, to determine whether there are material facts in controversy

that would require trial.  Waterhouse v. District of Columbia, 298 F.3d 989, 992 (D.C. Cir. 2002)

("Consistent with Local Civil Rule 7.1(h), in determining whether to grant summary judgment

the district court looked only at the parties' statements and the record material they referenced."),

citing Jackson v. Finnegan et al., 101 F.3d 145, 154 (D.C. Cir. 1996) (holding that the district

court may rely on statements submitted in accordance with the local rule and "is under no

obligation to sift through the record  . . .  in order to evaluate the merits of [a] party's case").

Curiously, notwithstanding the passage of a full period for discovery without challenging

even one of Defendant's responses to his discovery requests, Plaintiff's Opposition suggests that

"Plaintiff has not been allowed his full and fair opportunity to pierce the actual reasons and

motivations" of Defendant.  See Pl.'s Opp. at 2.  This assertion is baseless.  Plaintiff served

written discovery requests and elected not to take any depositions.  Defendant provided several

hundreds of pages of documents as well as responses to interrogatories.  Accordingly, Plaintiff

---

[3]  As stated in the Court's Local Rule:

> In determining a motion for summary judgment, the court may assume that *facts
> identified by the moving party* in its statement of material facts are admitted,
> unless *such a fact* is controverted in the statement of genuine issues filed in
> opposition to the motion.

LCvR 7(h) (emphases added); see also LCvR 56.1.  Having affirmatively adopted DSMF and
failed to controvert DSMF ¶¶ 9 and 22, the Court should treat all facts as conceded, as permitted
by LCvR 7(h).  See Twist v. Meese, 854 F.2d 1421 (D.C. Cir. 1988); Jackson, 101 F.3d at 151;
Heasley v. D.C. General Hosp., 180 F.Supp.2d 158, 163 (D.D.C. 2002); Trawick v. Hantman,
151 F.Supp.2d 54, 58-59 (D.D.C. 2001).

was given a full and complete period for discovery under the Federal Rules of Civil Procedure. Through discovery, Plaintiff has become well aware of the legitimate and actual non-discriminatory reasons for the Agency's actions.

Plaintiff fails to demonstrate any reasons why the Court should afford him a special extended period for discovery to allow him to escape summary judgment now.  Indeed, Plaintiff's Opposition fails to identify a single piece of additional discovery he would seek or a prior response by Defendant that he would challenge.  Any regrets Plaintiff may have in retrospect about handling his case himself through discovery or decisions he knowingly made to forego depositions for any reason are insufficient to warrant delaying the entry of judgment in favor of Defendant.  See Link v. Wabash Railroad, 370 U.S. 626, 633-34 (1962) (party and his attorney are each bound by the other's actions); Hormel v. Helvering, 312 U.S. 552, 557 (1941) (in according latitude to *pro se* litigants, courts should heed an important admonition: "[o]rderly rules of procedure do not require sacrifice of the rules of fundamental justice.").  The reason Plaintiff is unable to "pierce the actual reasons and motivations" to find unlawful motivations is that they simply do not exist.

## II.    Summary Judgment Is Constitutional

For over 100 years, the Supreme Court has recognized summary judgment as a legitimate and constitutional means of resolving civil cases, including claims of employment discrimination.[4]  Under the Rules Enabling Act, 28 U.S.C. § 2071 (2006), all courts established by Congress may proscribe rules of practice and procedure to "conduct their business."  In 1938, pursuant to the Rules Enabling Act, the Federal courts established the Federal Rules of Civil

---

[4]See Fidelity & Deposit Co. v. U.S.,  187 U.S. 315 (1902).

Procedure. Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "shall be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c).

Plaintiff vainly attempts to avoid the ramifications of Rule 56(c) by claiming that summary judgment is unconstitutional. See Pl.'s Opp. at 4-9. The Supreme Court first found summary judgment constitutional in Fidelity & Deposit Co. v. U.S., 187 U.S. 315 (1902). In Fidelity, the defendant challenged the constitutionality of Rule 73d of the Rules of the Supreme Court of the District of Columbia. Id. at 319. Rule 73d allowed a court to enter judgment for a plaintiff when he establishes a cause of action through affidavit and the defendant fails to: "**file an affidavit of defense** . . . **specifically stating** also, in precise and distinct terms, **the grounds of his defense, which must be such as would, if true, be sufficient to defeat the plaintiff's claim in whole or in part.**" Id. at 318 (emphasis added). Although Fidelity and Rule 73d obviously predate the current Federal Rules of Civil Procedure, it is clear that Rule 56(c) is the modern-day equivalent to Rule 73d. Thus, the Supreme Court's holding in Fidelity that Rule 73d was constitutional is highly instructive. Id. at 321-22.

Even if any doubt as to the constitutionality of summary judgment was left in Fidelity's wake, the Supreme Court removed it in Parklane Hosiery Co., Inc. v. Shore, 439 U.S. 322 (1979), where it expressly rejected the exact proposition on which Plaintiff relies in this case and stated: "[S]ummary judgment does not violate the Seventh Amendment." Id. at 336. Without even acknowledging that the Supreme Court has squarely dealt with the constitutionality of summary judgment, Plaintiff ignores the dispositiv decision in Parklane Hosiery and cites a law

review article.  Because the Supreme Court's decision is binding, and the law review article is

unpersuasive, Plaintiff's argument skates on thin ice legally because it contradicts existing law

without extending a nonfrivolous argument for its reversal or modification.

While this Court has recognized on occasion that summary judgment must be approached

with special caution in discrimination cases, "this does not eliminate the use of summary

judgment in discrimination cases."  Marshall v. James, 276 F.Supp.2d 41, 47 (D.D.C. 2003)

(citing cases).  Instead, a discrimination plaintiff "is not relieved of [his] obligation to support

h[is] allegations by affidavits or other competent evidence showing that there is a genuine issue

for trial."  Calhoun v. Johnson, 1998 WL 164780, at * 3 (D.D.C. March 31, 1998) (internal

citation omitted), aff'd, 1999 WL 825425, at * 1 (D.C. Cir. Sept. 27, 2000) (emphasis added).

As demonstrated in other parts of this Reply, Plaintiff has failed to do so here.  "Summary

judgment is not a 'disfavored procedural shortcut,' but is an integral procedural tool which

promotes the speedy and inexpensive resolution of every case."  Marshall, 276 F.Supp.2d at 47

(quoting Celotex Corp. v. Catrett, 477 U.S. 317, 327 (1986)).  Because Rule 56(c) and summary

judgment are constitutional, and Plaintiff fails to demonstrate any good faith basis for modifying

the law on this point, the Court should consider and grant Defendant's pending motion.

**III.    Plaintiff Cannot Advance Any Claims Relating to the 2004 Denial of Promotion**

Plaintiff is barred from raising any claims related to the 2004 denial of promotion

because (1) he failed to exhaust all administrative remedies before filing suit, and (2) he is not

entitled to equitable tolling of the limitations period because he identifies no conduct by

Defendant that misled him about how the GS-13 slots were being filled at lower grades or the

age of the person who filled the slot.

**A.    Plaintiff's Failure to Exhaust his Administrative Remedies Before Filing Suit Dooms Any Claim Relating to 2004.**

Plaintiff failed to exhaust his administrative remedies concerning the 2004 GS-13 position before filing suit.  Federal employees may only file a civil action alleging employment discrimination after exhausting their administrative remedies.  42 U.S.C. § 2000e-16(c); <u>National R.R. Passenger Corp. v. Morgan</u>, 536 U.S. 101, 108 (2002). Under the ADEA, Plaintiff had two ways of advancing his age discrimination complaint, but he waited too long to preserve any claim concerning Defendant's decision in 2004 to convert the GS-13 Grants Specialist position vacated by Ms. Love upon her retirement.  Plaintiff has conceded the facts of when the decision was made in March 2004 (DSMF ¶ 38), when Ms. Johnson was hired in April, 2004 (DSMF ¶ 40), and when he filed an administrative complaint in August, 2005 (DSMF ¶ 61), and gave notice of his intention to bring an age discrimination claim in January, 2006 (DSMF ¶ 63). Moreover, Plaintiff also admits that he did not file an EEO complaint when the agency did not approve his request to be non-competitively promoted into Ms. Love's GS-13 position in February, 2004.  <u>See</u> DSMF ¶ 43.  Accordingly, it is plain that Plaintiff failed to preserve any claim regarding events in 2004.  29 C.F.R. § 1614.105(a)(1); <u>Rann v. Chao</u>, 346 F.3d 192, 199 (D.C. Cir. 2003), <u>cert. denied</u>, 543 U.S. 809 (2004).  Plaintiff's argument that the Court could reach back to 2004 under a continuing violation theory has been expressly rejected by the Supreme Court.  <u>See</u> <u>National R.R. Passenger Corp. v. Morgan</u>, 536 U.S. 101, 105 (2002) (holding that "[d]iscrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges . . ..  The charge, therefore, must be filed within the [applicable] time period after the discrete act occurred.").

Accordingly, Plaintiff's claims relating to the 2004 denial of promotion are time barred because Plaintiff failed to exhaust the required administrative remedies properly before filing suit.

**B.    Plaintiff is Not Entitled to Equitable Tolling.**

Plaintiff suggests that the Court should grant equitable tolling to allow him to retroactively include a claim related to the February 2004 denial of promotion. See Pl.'s Opp. at 15. Plaintiff bears the burden of pleading and proving equitable reasons for failure to comply with the requirement that he file an EEO complaint within 45 days. Bayer v. U.S. Dep't of Treasury, 956 F.2d 330, 333 (D.C. Cir. 1992); Smith v. Dalton, 971 F. Supp. 1, 3 (D.D.C. 1997). The power to equitably toll a limitations period, however, is "exercised only in extraordinary and carefully circumscribed instances." Smith-Haynie v. District of Columbia, 155 F.3d 575, 580 (D.C. Cir. 1998) (internal quotations and citation omitted). This is not one of those cases.

Federal regulations governing employment discrimination complaints provide that "[t]he defendant or the commission shall extend the 45-day time limit in paragraph (a)(1) of this section when the individual shows that . . . he or she **did not know** and **reasonably should not have known** that the discriminatory matter or personnel action occurred." 29 C.F.R. § 1614.105(a)(2) (emphasis added). Plaintiff expressly admitted that he knew when he was denied the non-competitive GS-13 position when Ms. Johnson was hired and that she was under 40 years of age. See DSMF ¶¶ 42-43. Plaintiff also affirmatively pursued relief near the time of these events: he filed a grievance through his union. See DSMF ¶ 43. Thus, it is clear that Plaintiff was on actual notice of the facts giving rise to a claim. See Holmes v. Texas A&M Univ., 145 F.3d 681, 685 (5th Cir. 1998) ("Thus, [plaintiff] deserves no equitable tolling for the

9

pendency of his university grievance procedures, a remedy which he need not have pursued.").[5]
Thus, although Plaintiff's Opposition suggests that it was only significantly later that two events
"lit the bulb in Plaintiff that there was discriminatory motive," Plaintiff admits he was on notice
of the salient facts relating to his claim and had a duty to assert any claim in 2004.[6]  Williams v.
Munoz, 106 F.Supp.2d 40, 43 (D.D.C. 2000); see Barry v. Board of Supervisors, 715 F.2d 971,
981 (5th Cir. 1983), cert. denied, 479 U.S. 868 (1986).  In Williams, this Court rejected the same
contention, noting that the plaintiff "knew that she had not been promoted and that her non-
African American co-workers had been promoted" and that the plaintiff "reasonably should have
suspected that there might be discriminatory reasons, and should have investigated."  Id.; see
also Cones v. Shalala, 945 F.Supp. 342, 347 (D.D.C. 1996) ("[a]lthough the plaintiff may not
have had all the facts or supporting documents . . . concerning a particular selection, the plaintiff
knew or reasonably should have known of the alleged discriminatory event at the time each
selection was made"), rev'd on other grnds., 199 F.3d 512 (D.C. Cir. 2000).

     Any intimation that discrimination was the furthest thing from his mind is sharply
undermined by the fact that Plaintiff had previously filed discrimination complaints against the
same supervisor. Furthermore, he points to no conduct by Defendant that had the effect of

---

     [5]  See also Kovacevich v. Kent State University, 224 F.3d 806, 829 (6th Cir. 2000)
(stating that Sixth Circuit precedent has held that denial of an internal grievance or "denial of a
request for relief from discrimination does not itself constitute a discriminatory that tolls the
statute of limitations" for filing a charge); Thomas v. Eastman Kodak Co., 183 F.3d 38, 52 (1st
Cir. 1999) ("Furthermore, the statute of limitations for a Title VII claim is not tolled while an
employee exhausts any internal remedy the employer has made available."), cert. denied, 528
U.S. 1161 (2000).

     [6]  Plaintiff's prior participation in the EEO process (as documented in Civil Action No.
04-857 (PLF)) placed him on notice of the need to exercise diligence with regard to preserving
any claims he believed he might have.

concealing the facts.  Accordingly, there is no reason why the Court should excuse Plaintiff's

inaction on the EEO front by equitably tolling the period for complaining about discrimination to

include the 2004 denial of promotion in this case.  Morgan, 536 U.S. at 113 (cautioning that

equitable doctrines should be "applied sparingly"); see Washington v. WMATA, 160 F.3d 750,

753 (D.C. Cir. 1998) (the "court's equitable power to toll the statute of limitations will be

exercised only in extraordinary and carefully circumscribed instances").[7]  Plaintiff's 2004 claim

is time-barred.

**IV.    Plaintiff Cannot Show Age Discrimination**

Plaintiff cannot prevail on an age discrimination claim for at least two reasons.[8]   First,

Plaintiff can not establish a *prima facie* case of age discrimination because he did not suffer an

adverse employment action.  Second, even if Plaintiff could establish a *prima facie* case,

Defendant had legitimate, non-discriminatory and non-retaliatory reasons for her actions, and

Plaintiff's attempt to show that those reasons are pretextual is unsuccessful because it depends

improperly on taking Ms. Allen's statements out of context.

---

[7] The administrative deadlines for pursuing discrimination claims are not jurisdictional, they operate like statutes of limitations and are subject to waiver, estoppel and equitable tolling. Jarrell v. U.S. Postal Serv., 753 F.2d 1088, 1091 (D.C. Cir. 1985).

[8] Though Plaintiff's Opposition to Defendant's Motion for Summary Judgment refers to claims for age, race, and sex discrimination (Pl.'s Opp. at 16), Plaintiff's complaint only alleges age discrimination.  See Complaint ¶¶ 1, 4.  Furthermore, in his deposition, Plaintiff admits that he is not complaining about racial discrimination in this case.  See March 26, 2007 Dep. of Donald Hunter at 102 (plaintiff's entire deposition is attached to his Opposition as Exhibit 1).  It is possible that stray references to race and sex are typographical in nature.  See also Pl.'s Opp. at 12 (citing law governing "pre-selection" when there is no such issues in this case).  In any event, it is clear that Plaintiff may not amend his complaint in his brief or to add claims not exhausted administratively.

11

A.    **Plaintiff Did Not Suffer Any Adverse Employment Action**

In order to establish a *prima facie* case of age discrimination under the ADEA, Plaintiff must show that he was subjected to an adverse employment action. See Desert Palace, Inc. v. Costa, 539 U.S. 908 (2003). In this case, Plaintiff did not suffer an adverse employment action when Defendant chose not to promote him when Ms. Swann left the ECA.

Plaintiff can not establish an adverse employment action when he did not apply for a position that he knew was open. Plaintiff admits that when Ms. Swann left the ECA in May 2005, he did not request a promotion to the GS-13 level. See DSMF ¶ 49. Despite his lack of action, Plaintiff claims that he was entitled to the GS-13 position formerly held by Ms. Swann.

Plaintiff relies heavily on Elam v. D.C. Fire & EMS Dep't., 2005 WL 1903557 (D.D.C. 2005), to suggest that employees need not apply for a position to make out a *prima facie* case of discrimination; however, this is a mis-characterization of the decision. See Pl.'s Opp. at 18-19. In Elam, the Court held that "although a plaintiff in a Title VII case or ADEA case must usually show that he applied for a promotion and was rejected, a plaintiff is not required to do so when the position was not posted **and the plaintiff did not know the position was open**." (emphasis added). Id. at *5. The Plaintiff in Elam did not apply to the position because he did not know that the position was open until another employee was promoted to the position. Id. at *1. Unlike Elam, in this case, Plaintiff knew that Ms. Swann's position was open. See March 26, 2007 Dep. of Donald Hunter at 54. In his deposition, Plaintiff admits that he knew Ms. Swann was leaving a GS-13 position and that he knew of a vacancy but did not apply. Id. Mr. Hunter knew of the potential job opening, and he made a conscious decision not to apply for or request a promotion to the GS-13 position. Elam does not support Plaintiff's willful inaction.

12

Accordingly, Plaintiff can not establish an adverse employment action without having applied for Ms. Swann's position.

The only other supposed evidence Plaintiff offers to support a discriminatory motive on Ms. Allen's part is that she did not approve any positive personnel actions for Plaintiff after 2002.  See Pl.'s Opp. at 16.  As an initial matter, Defendant notes that the citation listed in Plaintiff's motion does not support this assertion.  On the contrary, the pages that correspond to Plaintiff's citation discuss several occurrences where Ms. Allen approved Plaintiff's promotions. See March 26, 2007 Dep. of Donald Hunter at 10-12.  Furthermore, Plaintiff's assertion is patently false because Plaintiff received three different personnel awards from September 2003 to June 2005.[9]  Ms. Allen served as Plaintiff's direct supervisor during each of these personnel actions and had to approve each of these awards.[10]  Ms. Allen continued to institute positive personnel actions for Mr. Hunter after 2002.

### B.    Defendant had Legitimate, Non-Discriminatory Reasons for Restructuring the GS-13 Positions.

Because Plaintiff can not demonstrate an adverse employment action, there is no need for the Court to analyze Defendant's legitimate reasons for restructuring the workforce which effectively denied Plaintiff the opportunity he might otherwise have had to compete for a promotion.  But, in the alternative, if the court does determine that Plaintiff established a *prima facie* case of discrimination, Defendant has legitimate, non-discriminatory reasons for her

---

[9]  Plaintiff received: (1) an Individual Time-Off Award on September 21, 2003, (2) a Group Time-off Award on August 22, 2004, and (3) a Group Time-Off Award on June 21, 2005. See Exhibit A.  Plaintiff also received a Within Grade Increase on October 13, 2004.  See id.

[10]  Ms. Allen served as Plaintiff's direct supervisor until he left the ECA in June of 2006. See March 26, 2007 Dep. of Donald Hunter at 38.

decisions to deny Plaintiff a promotion. The weakness of Plaintiff's *prima facie* case and the dearth of other evidence tending to suggest any improper motivation warrants granting Defendant's motion.

Plaintiff's Opposition cursorily and abruptly states that there is sufficient evidence in the record to demonstrate direct evidence of discrimination. See Pl's Opp. at 10. Plaintiff cites "Plaintiff's Motion, p. 18-20" as the only source for this assertion. Plaintiff also refers to "direct and indirect evidence of discrimination" in a similar fashion. See Pl.'s Opp. at 16. Although it is unclear what Plaintiff is referring to, he later refers to the comments Ms. Allen made during her deposition in Civil Action No. 04-857 (PLF) concerning her reasons for restructuring the workforce and downgrading the former GS-13 positions.[11] See Pl.'s Opp. at 20. In her deposition, Defendant made comments demonstrating her legitimate concerns for the workforce she supervised, not age discrimination.

Ms. Allen made the decision to restructure the two former GS-13 positions to GS-9/11/12 positions out of a valid concern for the flow of employees and the structure of the workforce. See Smith v. Flax, 618 F.2d 1062, 1066 (4th Cir. 1980) (comment that division's future lay in its young Ph.D's states a truism rather than indicating a discriminatory motive); Grabb v. Bendix,

_____

[11] Plaintiff's Opposition also suggests the absence of "official paperwork" for the reorganization of the grants specialist positions as some evidence of illegal motive. See Pl.'s Opp. at 19. In the same paragraph, however, Plaintiff discusses at least some of the "documentary evidence" itself, and Plaintiff has failed to show that there was any requirement that Ms. Allen create any particular explanation for her management decision. That the documents prove that the decision might have been made within a month of Plaintiff's request for a non-competitive promotion to the GS-13 level is not evidence of a causal connection to support a retaliation claim because a request for promotion is not protected activity. Likewise, Plaintiff's reference to "personal bias" is not evidence of an illegal motive because Plaintiff has failed to demonstrate that the basis of the "personal bias" is related to Plaintiff's age. See Pl.'s Opp. a 14.

666 F. Supp. 1223, 1248 (N.D. Ind. 1986) ("[T]he fact that [the defendant] tried to recruit younger engineers to avoid being left without any engineers because of retirement and transfer does not give rise to reasonable inference that plaintiffs were discharged because of their age."). Ms. Allen stated that, "I wanted to bring in some potentially younger candidates, younger in the sense of career, not necessarily age." See June 6, 2005 Dep. of Allen at 123.  Much like the Grabb case above, Ms. Allen's comment merely expresses a legitimate concern for the workforce at the ECA, not evidence of age discrimination.

Furthermore, Ms. Allen explained, "[w]e have an office with very senior persons in the office and we are attempting to get people in that will be in the position to do the work of the office for a period of time." Id. at 37.  In Silver v. Leavitt, the Court observed that "longevity of employment is a factor that has a strong correlation with age, and it may well be that lower-level employees are likely to be younger than higher level employees.  But mere correlation –however strong– is insufficient if the employer's decision was 'wholly motivated by factors unrelated to age.'"  2006 WL 626928, *14 (D.D.C. 2006), quoting Breen v. Mineta, 2005 WL 3276163 (Sept. 30, 2005).  In Silver, as in the present case, Ms. Allen expressed an interest in keeping employees at the ECA longer.  Ms. Allen did not express any discriminatory intent, and no inference of unlawful discrimination can be reasonably read into her statements.  Courts have repeatedly cautioned that "remarks said in one context should not be torn from that context to prove 'discrimination' that may exist only in the mind of an imaginative hearer who is attempting to make out a case..." Lucas v. U.S. Dep't. of Education, 435 F.Supp.2d 165, 171 (D.D.C. 2006).  Plaintiff is the "imaginative hearer" attempting to create a claim from nothing. Plaintiff did not and can not demonstrate that the legitimate reasons Defendant stated are pretext.

He does not even attempt to rebut any of Defendant's reasons for its actions. Accordingly, even if Plaintiff can establish a *prima facie* case of age discrimination, his claim must fail because Defendant has legitimate, non-discriminatory reasons for her actions.

**V.    Any Retaliation Claim Should Be Dismissed or Judgment Granted to Defendant.**

Plaintiff can not establish a case of discrimination based on retaliation. First, Plaintiff did not raise a claim for retaliation in his complaint, and thus his claim, first mentioned in Pl.'s Opp., should not be addressed. Second, if the Court determines that Plaintiff did allege a retaliation claim, he can not establish a *prima facie* case of retaliation.

**A.    The Complaint Does Not Raise a Claim for Retaliation.**

Plaintiff failed to state his claim for retaliation in his complaint. See Pl.'s Comp. at 1. Plaintiff merely restates Title VII.  In his deposition, Plaintiff even concedes that he failed to allege a claim of retaliation in his initial complaint. See March 26, 2007 Dep. of Donald Hunter at 101-03. Accordingly, this case does not include a retaliation claim. See Fed. R. Civ. P. 8(a); Bell Atlantic Corp. v. Twombly, --- U.S. ---,  127 S. Ct. 1955, 1964-65 (2007) (factual allegations in a pleading "must be enough to raise a right to relief above the speculative level," and that a plaintiff must make "a 'showing,' rather than a blanket assertion, of entitlement to relief.'"). Although Plaintiff might have intended at some point to include a claim of retaliation in this case, he simply failed to do so. Thus, this case does not include any retaliation claim.

**B.    Plaintiff Cannot Make Out a *Prima Facie* Case of Retaliation and Offers No Evidence Whatsoever to Support Such a Claim.**

Even if the Court construes the Complaint so broadly to include a claim of retaliation, Plaintiff cannot succeed.  In order to demonstrate a *prima facie* case of retaliation or reprisal under Title VII, Plaintiff must demonstrate that: (1) he or she engaged in protected behavior; (2)

16

the employer took an action against plaintiff with material consequences such that it would dissuade a reasonable worker from making or supporting a charge of discrimination; and (3) there is a causal link between the action and the protected activity.  Rochon v. Gonzales, 438 F.3d 1211, 1219-20 (D.C. Cir. 2006); see also Burlington Northern & Sante Fe R.R. v. White, 126 S. Ct. 2405 (2006).  Plaintiff can not establish a *prima facie* case because the Agency did not take an adverse action that would dissuade an employee from making a claim of discrimination.

 As demonstrated above, Plaintiff did not suffer any adverse employment action because he had no right to compete for a promotion.  The absence of an adverse employment action also causes Plaintiff's retaliation claim to fail.  Hiring new people at a lower grade is not the type of action that would deter a reasonable person at the same or a higher grade from complaining about discrimination.  In fact, this action obviously did not deter Plaintiff in this case from filing a complaint about discrimination because he did so.  Thus, even if Plaintiff made a retaliation claim, he can not establish a *prima facie* case.

Moreover, Plaintiff's Opposition fails to point to a single piece of evidence in the record even hinting that Ms. Allen ever took any action because Plaintiff filed EEO charges or a lawsuit.  Indeed, the same evidence showing that she continued to recommend that Plaintiff receive awards and increases in pay during the time Plaintiff's EEO complaints were being investigated and processed refutes a retaliatory motive.  See Exhibit A.  There is no evidence of any causal relationship between Plaintiff's EEO activity and anything adverse.

## III.  CONCLUSION

Based upon the foregoing, Defendant respectfully requests that the Court grant her

judgment as a matter of law on all of Plaintiff's claims and dismiss Plaintiff's complaint with

prejudice.

Dated:  July 13, 2007

Respectfully submitted,

_____

_____

JEFFREY TAYLOR
United States Attorney


 /s/
_____

RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney


 /s/
_____

JANE M. LYONS, D.C. Bar # 451737
Assistant United States Attorney
Civil Division
555 4th Street, N.W. - Room E4822
Washington, D.C. 20530
(202) 514-7161

18