UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                                )
DONALD S. HUNTER, SR.,                          )
                                                )
            Plaintiff,                          )
                                                )
      v.                                        )          Civil Action No. 06-326 (PLF)
                                                )
CONDOLEEZZA RICE, Secretary,                    )
      United States Department of State,        )
                                                )
            Defendant.                          )
_____       )

OPINION

            This matter is before the Court on defendant's motion for summary judgment.

Upon consideration of the motion, plaintiff's response in opposition, defendant's reply, and the

entire record in the case, the Court grants defendant's motion for summary judgment.[1]

I.  BACKGROUND

            Plaintiff Donald S. Hunter, Sr., an African-American male, is a GS-13 Grants

Specialist in the Grants Division of the Department of State's Bureau of Administration.  *See*

Defendant's Statement of Material Facts Not in Genuine Dispute ("SMF") ¶ 34, attached to Def.

Mot.[2]  Plaintiff joined the State Department as a GS-4 supply clerk in February 1986 and has

_____

[1]       The relevant papers on this motion are Defendant's Motion for Summary Judgment
("Def. Mot."); Plaintiff's Response in Opposition to Defendant's Motion for Summary Judgment
("Pl. Resp."); and Defendant's Reply to Plaintiff's Response to Defendant's Motion for Summary
Judgment ("Def. Reply"), as well as the exhibits submitted with each of these filing,
and Defendant's Statement of Material Facts Not in Genuine Dispute ("SMF").

[2]       In his response, plaintiff concedes all but two of the statements of fact proffered by
defendant.  *See* Pl. Resp. at 2 (incorporating defendant's SMF).

since received several promotions. *Id.* at ¶¶ 2-9. Fannie Allen, an African-American female, is the Chief of the Grants Division and, at all relevant times, she was plaintiff's supervisor. *See* Complaint ("Compl.") at 2; SMF ¶ 4; Pl. Resp. at 1. Ms. Allen helped facilitate plaintiff's promotions to the GS-11 level and higher. *See* SMF ¶¶ 16-17, 23-33. She gave him special projects as a way of helping in his training and development as a grants specialist. *Id.* at ¶¶ 23-24. She also recommended or approved plaintiff for several awards in connection with the special projects she assigned to him. *Id.* at ¶ 26.

       Joyce Love, a GS-13 Grants Specialist, retired from the Department on January 3, 2004. *See* Compl. at 5; SMF ¶ 35. On February 17, 2004, plaintiff submitted a memorandum requesting that he be promoted non-competitively into what he described as Ms. Love's unoccupied GS-13 level position. Compl. at 7; SMF ¶ 36; Exhibit M to SMF (Feb. 17, 2004 Memorandum from Donald S. Hunter to Acting Executive Director of ECA). Ms. Allen decided to fill the position as a career ladder position at the GS-11/12 level. On March 4, 2004, she requested that Human Resources post a vacancy announcement reflecting the same. *See* SMF ¶ 38; Def. Mot. at 2. Thereafter, in April 2004, Ms. Allen selected Julie Johnson for the position at a GS-11 level. *See* SMF ¶ 40. Ms. Johnson is under the age of forty, something plaintiff was aware of at the time Ms. Johnson was selected for the position. *See* SMF ¶ 42; Compl. at 9.

       On May 7, 2004, plaintiff filed a grievance with his union concerning the lack of favorable response to his request for promotion to the GS-13 position formerly occupied by Ms. Love. *See* SMF ¶ 43. He did not file an EEO complaint concerning his February 17, 2004 request to be promoted. *Id.* In response to the union grievance, the Department informed

plaintiff that Ms. Allen had decided to fill the vacant position at the GS-11/12 level, rather than at a GS-13 level, in order to meet the needs of the organization.  *Id*. at ¶ 44.

In May 2005, Phyllis Swann, a GS-13 Grants Specialist with the Department, received a promotion in another bureau.  *See* Compl. at 6; SMF ¶ 48.  Plaintiff did not request to be promoted to Ms. Swann's position.  *See* SMF ¶ 49. In August 2005, Ms. Allen selected Kenyetta Gunther for a GS-9 Grants Specialist position at the Department.  *Id.* at ¶ 50.  Plaintiff had not applied for the position for which Ms. Gunther was selected.  *Id*. at ¶ 51.  Plaintiff alleges that Ms. Gunther, who is under the age of forty, was hired to replace Ms. Swann.  *See* Compl. at 10. Plaintiff was aware at the time Ms. Gunther was hired that she was under the age of forty.  *See* SMF ¶ 52.

Plaintiff previously unsuccessfully challenged his non-promotion to a GS-13 level position in the Department of State through an accretion of duties as unlawfully discriminatory based on his race and in retaliation for his prior EEO activity.  *See Hunter v. Rice*, 480 F.Supp.2d 125 (D.D.C. 2007), *aff'd without opinion*, No. 07-5163 (D.C. Cir. Nov. 15, 2007).  Plaintiff claims to have only recently discovered during the deposition of Ms. Allen that occurred in June, 2005, that Ms. Allen's promotion decisions were motivated by unlawful discrimination based on age.  Six months later, on January 9, 2006, plaintiff sent a letter to the Equal Employment Opportunity Commission ("EEOC") giving notice of an intent to sue the Department of State within 30 days for alleged age discrimination.  *See* SMF ¶ 63.  He filed the present action on February 24, 2006.  *Id.* at ¶ 64.

## II.  STANDARD OF REVIEW

Summary judgment may be granted only if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits [or declarations], if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); *see also Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247-48 (1986); *Holcomb v. Powell*, 433 F.3d 889, 895 (D.C. Cir. 2006). "A fact is 'material' if a dispute over it might affect the outcome of a suit under the governing law; factual disputes that are 'irrelevant or unnecessary' do not affect the summary judgment determination." *Holcomb v. Powell*, 433 F.3d at 895 (quoting *Anderson v. Liberty Lobby, Inc.,* 477 U.S. at 248). An issue is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 248; *Holcomb v. Powell*, 433 F.3d at 895.  When a motion for summary judgment is under consideration, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in [his] favor." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 255; *see also Mastro v. Potomac Elec. Power Co.*, 447 F.3d 843, 849-50 (D.C. Cir. 2006); *Aka v. Washington Hosp. Center*, 156 F.3d 1284, 1288 (D.C. Cir. 1998) (*en banc*); *Washington Post Co. v. Dep't of Health and Human Servs.*, 865 F.2d 320, 325 (D.C. Cir. 1989).  On a motion for summary judgment, the Court must "eschew making credibility determinations or weighing the evidence."  *Czekalski v. Peters*, 475 F.3d 360, 363 (D.C. Cir. 2007).

The non-moving party's opposition, however, must consist of more than mere unsupported allegations or denials and must be supported by affidavits, declarations or other competent evidence, setting forth specific facts showing that there is a genuine issue for trial.

4

FED. R. CIV. P. 56(e); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). He is required to provide evidence that would permit a reasonable jury to find in his favor. *Laningham v. U.S. Navy*, 813 F.2d 1236, 1242 (D.C. Cir. 1987). If the non-movant's evidence is "merely colorable" or "not significantly probative," summary judgment may be granted. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 249-50; *see Scott v. Harris*, 127 S.Ct. 1769, 1776 (2007) ("where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is 'no genuine issue for trial.'") (quoting *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). To defeat a motion for summary judgment, a plaintiff must have more than "a scintilla of evidence to support [his] claims." *Freedman v. MCI Telecomm. Corp.*, 255 F.3d 840, 845 (D.C. Cir. 2001). In an employment discrimination case, "[u]sually, proffering evidence from which a jury could find that the employer's stated reasons were pretextual will be enough to get a plaintiff's claim to a jury." *George Leavitt*, 407 F.3d 405, 413 (D.C. Cir. 2006) (citing *Carpenter v. Fed. Nat'l Mortgage Ass'n*, 165 F.3d 69, 72 (D.C. Cir. 1999) (internal quotations omitted).

## III.  DISCUSSION

### A.  Plaintiff has had Adequate Opportunity to Complete Discovery

Plaintiff claims that he has not had a "full and fair" opportunity to complete discovery in this matter. *See* Pl. Resp. at 2. The Court disagrees. Plaintiff served written discovery on defendant, who, in turn, provided several hundred pages of documents as well as responses to interrogatories. *See* Def. Repl. at 4. Plaintiff elected not to take any depositions. *Id.* In addition, plaintiff fails to identify a single piece of additional discovery he would seek or a prior discovery response that he would challenge if given more time. Furthermore, he has

agreed with all but two of defendant's 64 numbered paragraphs of defendant's Statement of Material Facts Not in Genuine Dispute. In short, plaintiff has not demonstrated any reason why the Court should afford him additional opportunity to complete discovery. Accordingly, plaintiff's request to extend discovery is denied.

### B. Plaintiff's Claims Related to his February 17, 2004 Promotion Request are Barred for Failure to Exhaust

"The ADEA broadly bars age discrimination in employment. And it provides a federal government employee two alternative avenues to judicial redress." *Rann v. Chao*, 346 F.3d 192, 195 (D.C. Cir. 2003), *cert. denied*, 543 U.S. 809 (2004). First, a plaintiff may bring the claim directly to federal court "so long as, within 180 days of the allegedly discriminatory act, he provides the [Equal Employment Opportunity Commission] with notice of his intent to sue at least 30 days before commencing suit." *Id.* (citing 29 U.S.C. § 633a(c), (d)). Notice of intent to sue must go to the Equal Employment Opportunity Commission ("EEOC") itself; notice to the employer agency is insufficient to satisfy the notice requirement. *See id.* at 198.

Alternatively, the employee may follow the EEOC administrative process, "and then sue if dissatisfied with the results." *Rann v. Chao*, 346 F.3d at 195 (citing 29 U.S.C. § 633a(b)); *see also Stevens v. Dep't of Treasury*, 500 U.S. 1, 5-6 (1991); *Woodruff v. Peters*, Civil Action No. 05-2071, 2007 WL 1378486, at *5 (D.D.C. May 9, 2007).

Here, with respect to the first potential "avenue," plaintiff notified the EEOC by letter dated January 9, 2006 that he intended to proceed in federal court on a complaint of age discrimination. Accordingly, plaintiff must identify unlawful actions that he asserts occurred within the preceding 180 days -- that is, between July 14, 2005 and January 9, 2006. Plaintiff

alleges that the Department of State committed age discrimination based on a series of events commencing in January 2004 and concluding in April 2004: when Ms. Love retired on January 2, 2004, plaintiff thereupon requested that he be promoted to Ms. Love's position on February 17, 2004, plaintiff's request was denied, and Ms. Johnson was hired in April 2004. These events are well outside the 180-day window before plaintiff gave notice of his intention to sue by letter dated January 9, 2006. His request therefore is barred by the plain language of the ADEA itself, at least with respect to this first avenue to relief under the ADEA.

Nor did plaintiff proceed via the second avenue to federal court relief under the ADEA, via the EEOC administrative process. *See Rann v. Chao*, 346 F.3d at 195. He did not initiate contact with an EEO counselor within 45 days of any unlawful action that allegedly took place in 2004. *See* 29 C.F.R. §§ 1614.105, 1615.106; *Rann v. Chao*, 346 F.3d at 195-96.[3] Instead, he waited until August 2005 to contact an EEO counselor. *See* SMF ¶ 61. Accordingly, he is barred with respect to any ADEA claim related to his February 2004 request for a non-competitive promotion to a GS-13 position and the selection of Ms. Johnson in April 2004, as he failed to exhaust by fulfilling the requirements of either 29 U.S.C. § 633a(b) or 29 U.S.C.

---

[3]     "An aggrieved person must initiate contact with a Counselor within 45 days of the date of the matter alleged to be discriminatory or, in the case of personnel action, within 45 days of the effective date of the action." 29 C.F.R. § 1614.105(a). "[T]he Counselor shall conduct the final interview with the aggrieved person within 30 days of the date the aggrieved person contacted the agency's EEO office to request counseling. If the matter has not been resolved, the aggrieved person shall be informed in writing by the Counselor, not later than the thirtieth day after contacting the Counselor, of the right to file a discrimination complaint. The notice shall inform the complainant of the right to file a discrimination complaint within 15 days of receipt of the notice, of the appropriate official with whom to file a complaint and of the complainant's duty to assure that the agency is informed immediately if the complainant retains counsel or a representative." 29 C.F.R. § 1614.105(d). "A complaint must be filed with the agency that allegedly discriminated against the complainant . . . within 15 days of receipt of the notice required by § 1614.105 (d), (e) or (f)." 29 C.F.R. § 1614.106(a)-(b).

§ 633a(d). *See Rann v. Chao*, 346 F.3d at 199.

　　　　Plaintiff suggests that the Court should grant equitable tolling to allow him retroactively to include the February 2004 claim. *See* Pl. Resp. at 15. The power to equitably toll a limitations period is "exercised only in extraordinary and carefully circumscribed instances." *Smith-Haynie v. District of Columbia*, 155 F.3d 575, 580 (D.C. Cir. 1998) (internal quotations and citation omitted); *see Hopps v. WMATA*, 480 F. Supp. 2d 243, 250 (D.D.C. 2007). Moreover, plaintiff bears the burden of pleading and proving equitable reasons for his failure to comply with the administrative framework. *See Bowden v. United States,* 106 F.3d at 437; *Bayer v. U.S. Dep't of Treasury*, 956 F.2d 330, 333 (D.C. Cir. 1992); *see also Koch v. Donaldson*, 260 F. Supp. 2d 86, 89 (D.D.C. 2003), *aff'd without opinion*, 2004 WL 758957 (D.C. Cir. April 7, 2004).

　　　　Federal regulations governing employment discrimination complaints provide that "[t]he defendant or the commission shall extend the 45-day time limit in paragraph (a)(1) of this section when the individual shows that . . . he or she did not know and reasonably should not have known that the discriminatory matter or personnel action occurred." 29 C.F.R. § 1614.105(a)(2). Here, plaintiff expressly admits that he knew at the time of the fact that he had been denied the non-competitive GS-13 position, that he knew when Ms. Johnson was hired, and that he knew at the time that she was under the age of 40. *See* SMF ¶¶ 42, 43. Plaintiff also affirmatively pursued relief near the time of these events -- he filed a grievance action with his union. *Id*. In short, plaintiff had actual notice of the facts giving rise to his alleged claim. Accordingly, plaintiff is not entitled to equitable tolling of his 2004 claim. *See Washington v. WMATA*, 160 F.3d 750, 753 (D.C. Cir. 1998).

C.  *Plaintiff Has Not Identified an Actionable Adverse Action
with respect to the May 2005 "Non-Promotion"*

The *McDonnell Douglas* burden-shifting framework, first developed under Title

VII, also applies to claims for age discrimination under the ADEA.  *See Barnette v. Chertoff*, 453

F.3d 513, 515 (D.C. Cir. 2006) (applying *McDonnell Douglas* to ADEA claim); *see also*

*McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973).  Under that framework, the

plaintiff must first establish a *prima facie* case of discrimination, the second prong of which is to

demonstrate that he has suffered an adverse action.  An adverse action is "a significant change in

employment status, such as hiring, firing, failing to promote, reassignment with significantly

different responsibilities, or a decision causing significant change in benefits."  *Broderick v.*

*Donaldson*, 437 F.3d 1226, 1233 (D.C. Cir. 2006).  An adverse action has occurred "when an

employee experiences materially adverse consequences affecting the terms, conditions, or

privileges of employment or future employment opportunities such that a reasonable trier of fact

could find objectively tangible harm."  *Holcomb v. Powell*, 433 F.3d 889, 902 (D.C. Cir. 2006)

(quoting *Forkkio v. Powell*, 306 F.3d 1127, 1130-31 (D.C. Cir. 1999)).

In this case, plaintiff alleges that he suffered an adverse employment action when

the Department of State chose not to promote him when Ms. Swann left the Bureau of

Educational and Cultural Affairs in May 2005.  The Court disagrees.  Plaintiff admits that when

Ms. Swann left the Bureau in May 2005, he did not request a promotion to the GS-13 level.  *See*

SMF ¶ 49.  Plaintiff cannot establish an adverse action when he did not even apply for the

position at issue.

Plaintiff relies on *Elam v. D.C. Fire & EMS Dep't.*, Civil Action No. 03-1407,

2005 WL 1903557 (D.D.C. 2005), to suggest that employees need not apply for a position to make out a *prima facie* case of employment discrimination. Plaintiff mischaracterizes the decision in *Elam*. In *Elam,* Judge Kessler noted that "although a plaintiff in a Title VII or ADEA case must usually show that he applied for a promotion and was rejected, a plaintiff is not required to do so when the position was not posted and the plaintiff did not know the position was open." *Id.* at *5 (citing, *inter alia*, *Cones v. Shalala*, 199 F.3d 512, 518 (D.C. Cir. 2000)). The plaintiff in *Elam* did not apply for the position because he did not know that the position was open until after another employee had been promoted to the position. *Id.* at *1. Unlike the situation in *Elam*, in this case plaintiff knew that Ms. Swann's position was open. *See* March 26, 2007 Dep. of Donald Hunter at 54, Exhibit C attached to SMF. In his deposition, plaintiff admits that he knew Ms. Swann was leaving a GS-13 position and still chose not to apply for the vacancy. *Id.* In other words, plaintiff knew of the position opening and made a conscious decision not to apply for it or to request a promotion to the GS-13 level. *Elam* therefore does not support a claim based upon plaintiff's willful inaction. Plaintiff cannot show an adverse action; therefore, he cannot establish a *prima facie* case of age discrimination and judgment will be granted for defendant as a matter of law.[4]

### D.  Plaintiff is Barred From Raising a Retaliation Claim

Plaintiff asserts in his opposition to defendant's motion for summary judgment that he was retaliated against because he has filed two prior administrative complaints. To the extent that plaintiff attempts to raise a retaliation claim for the first time in his opposition brief,

---

[4]    Because plaintiff cannot show that he suffered an adverse employment action, the Court does not need to engage in the rest of the burden-shifting analysis.

the claim must fail because it was not raised administratively and was not pled in his complaint.[5] At this stage in the litigation, plaintiff may not amend his complaint through responsive pleadings. *See Calvetti v. Antcliff*, 346 F.Supp.2d 92, 107 (D.D.C. 2004) (stating that plaintiffs' attempt to amend their complaint through their pleading was "clearly impermissible"); *Arbitraje Casa de Cambio, S.A. de C.V. v. U.S. Postal Serv.*, 297 F.Supp.2d 165, 170 (D.D.C. 2003) (a complaint may not be amended through opposition papers). The Court therefore will not address plaintiff's retaliation allegations on their merits.

### E. Summary Judgment is Constitutional

Plaintiff attempts to avoid over 100 years of Supreme Court precedent by arguing that summary judgment is unconstitutional. *See* Pl. Resp. at 4-9. In *Parklane Hosiery Co., Inc. v. Shore*, 439 U.S. 322 (1979), the Supreme Court expressly rejected the exact proposition on which he relies by stating: "[S]ummary judgment does not violate the Seventh Amendment." *Id*. at 336, citing *Fidelity & Deposit Co. v. U.S.*, 187 U.S. 315, 319-322 (1902). Plaintiff requests that this Court overturn binding Supreme Court precedent without offering a single non-frivolous basis for its reversal or modification. Counsel skates dangerously close to a violation of Rule 11 of the Federal Rules of Civil Procedure.

---

[5]     Plaintiff conceded in his deposition that he failed to allege a claim for retaliation. *See* March 26, 2007 Dep. of Donald Hunter at 103.

IV.  CONCLUSION

Based on the foregoing analysis, the Court will grant defendant's motion for summary judgment.  An Order consistent with this Opinion will be issued this same day.


_____/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE:  January 30, 2008

12